HANNAH E. GILMAN *v.* ISAAC REDDINGTON and others.

A devise to executors in trust, to use the devised fund in the education, support and maintenance of the testator's three children, or of such of them as may survive, or of the issue of any that may die, until the two youngest or the survivor attain the age of thirty years, is valid. The limitation is ·in fact for two lives only, viz. : those of the two youngest children.

The power to accumulate the fund beyond the minority of the testator's two youngest children, conferred by such a devise, is void; but it does not invalidate the be-quest or the trust estate created thereby. That continues in the trustees until the two youngest children, or the survivor of them, attain the age of thirty. So far as the right to hold and manage the estate is concerned, it is valid.

APPEAL from a judgment of the special term. This was an

action brought to procure an adjudication upon a will, and to obtain a decree declaring certain parts of it to be void. The will in question was that of Nathan Gilman, Jr. It contained, among other bequests, the following clause, which the plaintiff, the widow of the deceased, sought in this action to have declared void :

"*Item.* All the rest, residue and remainder of my estate, both real, personal, and mixed, I give and devise to my executors, hereinafter named, the survivors or survivor, in trust to manage the same, and to apply so much of the same, or the income thereof, as they may see fit, in the exercise of a sound discretion, in the education and maintenance of my three children, Willis Porter Gilman, Charlotte Elizabeth Gilman, and Nathaniel Gilman, or to such of them as may survive, or to the issue of any that may die, until my two youngest children, Charlotte Elizabeth Gilman and Nathaniel Gilman, or the survivor of them, shall attain the age of thirty years, or until they both be dead, if they die before attaining thirty years of age ; at which time my estate, so left in trust, is to be paid, conveyed or made over to such of my three children aforesaid as may then survive, or to the issue of any of them that may be dead, having issue then living, in equal proportions, so that the issue may have the share of the parent. But if all the children be then dead without issue then living, it is my will that said rest, residue and remainder, as aforesaid, of my estate, be paid or made over as follows : one quarter to my widow, if she then be living, and the balance to my brothers and sisters then living, or the issue of any that may be dead (the issue representing the parent), in equal proportions. If my widow then be dead, the whole is to be paid or made over as last aforesaid."

Then followed a clause appointing the executors the guardians of the testator's children, to take care of their property, invest it in such stocks and securities as they might think best, and authorizing them to invest an amount, not exceeding one half, in good, productive real estate.

The cause was tried at special term, without a jury, before

Judge Ingraham, and the following opinion was rendered by him:

INGRAHAM, FIRST JUDGE.—My conclusions, in regard to the questions submitted on the trial of this case, are, that the 5th article of the will, although it contains some provisions which cannot be sustained, is not entirely void. The devise to the executors is good, for the purpose of applying the income to the support and education of the children of the testator during their minority.

The limitation is in fact only for two lives, viz.: the two youngest children. It cannot be extended beyond their minority, and, on the death of those two children or their arriving at age, the trust ceases, and the estate must then be divided among the persons then entitled to receive it. Any other provisions, which may have the effect of continuing the trust for a longer period, must be declared void. There is not, in these provisions, anything which, although void in themselves, renders it necessary to declare the whole of the 5th article to be void. The portion of it limiting the estate for the lives of the two children until they arrived at age, or die, may be sustained, and the intent of the testator so far carried out.

The residue of the sums of $5,000 and $20,000, after the termination of the life estate of the widow, fall into the portion of the estate disposed of by the 5th article, and are subject to the same disposition as the residue of the general estate.

The necessary provisions to carry out these views will be settled in the judgment.

From the judgment entered, in accordance with this opinion, the plaintiff appealed.

*Martin & Smiths and Charles O'Conor*, for the appellants.

FIRST POINT. The testator attempted, by the residuary clause, to create a special discretionary trust for the benefit of minors, adults and unborn generations, to endure for nearly thirty

years, unless accidentally terminated at an earlier period by the death of his two younger children.

SECOND POINT. This trust contemplates many things which are expressly forbidden by law, and it is consequently incapable of being executed.

I. The life interests given to persons not in being are void. 1 R. S., 723, § 17–21 (see 4th ed. p. 133); ibid. p. 773, §§ 1, 2 (see 4th ed. p. 183).

II. This is not a case of successive life estates, where effect might be given to the testator's intent, by cutting off the life estates subsequent to the two first, because:

1. There are no two persons named to take in succession.

2. It would involve a manifest overthrow of the testator's whole design, and might leave his children penniless.

III. The power to accumulate is void, because not directed for the exclusive benefit of the minors in being. 1 R. S., 773, §§ 3, 4; *Harris* v. *Clark*, 3 Seld. 242.

IV. The powers to buy and sell or convey real estate are void.

THIRD POINT.—These provisions, which are manifestly and wholly illegal and void, enter so essentially into the general plan of the will, that even if it were practicable to separate them from the few directions which, if standing alone, and materially modified by the court, might be valid, it would still be impossible to carry such latter direction into effect, in any measure or degree, *without defeating the main object and most cherished wishes of the testator.*

I. This was to keep together the bulk of his estate, and to make it accumulate for a long period of time, affording meanwhile a sustenance to all his posterity who might be in need—children, grandchildren and great-grandchildren—was, evidently, the great object of the testator.

II. The several illegal trusts, trust powers and life estates were the indispensable and necessary means to the accomplishment of this object, *and their failure is destructive of the whole scheme of the will.*

III. The court has no power to make a new will for the testator, but such would be the effect of attempting to carry out any one direction contained in the will. There is only one thing which could possibly be done under the trusts, which would not be illegal, and would, at the same time, approximate to an execution of a part of the testator's object, *i. e.*, the application of the whole income, *whether needed or not,* to the support and maintenance of such of the children as might happen to be in life. This would be *in violation of the expressed desire of the testator, for it would defeat the accumulation he aimed at, set aside the discretionary supervision he created,* and disappoint the remainder-men to whom he ultimately gave the estate.

IV. One of the monstrous and unnatural effects of such a direction would be, that for many years grandchildren of the testator might be starving, or in an alms-house, whilst a single surviving child had a superabundance.

FOURTH POINT.—The whole devise and bequest in trust, and all the trusts and powers connected therewith, being essential parts of one general scheme for illegally keeping together and accumulating the testator's property, and giving unauthorized remainders, should be declared to be illegal, inoperative and void; to the end that the just, reasonable and convenient appropriation made by the law of descents and distributions should take place. *Costar* v. *Lorillard,* 14 Wend. 265; *Hawley* v. *James,* 16 ibid. 61, 144; *Hone's Ex'rs* v. *Van Schaick,* 7 Paige, 230; 20 Wend. 564; *Thompson* v. *Carmichael's Ex'rs,* 1 Sand. Ch. R. 387; *McSorley* v. *McSorley's Ex'rs,* 4 ibid. 414; *McSorley* v. *Wilson,* ibid. 515; *Field* v. *Field's Ex'rs,* ibid. 528.

*P. G. Clark,* for the respondents.

I. The trust created by the 5th clause of the will is, in all respects, valid, with the qualification hereafter mentioned.

1. The estate is given to the executors to hold and manage the same until or during the life of the two children, or until they attain the age of thirty years.

2. The limitation cannot extend beyond the two lives in

being, and may sooner terminate if the children live to the age of thirty.

3. This is a valid limitation. 2 R. S. (4th ed.) page 133, § 15; (1st ed.) page 723; ibid. (4th ed.) page 183, § 1; (1st ed.) page 773; *De Kay* v. *Irving*, 5 Denio, 646–650.

4. The direction for the accumulation beyond the minority of the infants is void, but the statute declares that such direction shall be void only as respects the time beyond such minority. See 2 R. S. (4th ed.) page 184, § 4; (1st ed.) 774; *De Kay* v. *Irving*, 5 Denio Rep. 646–53.

II. There is no provision of this will, which, if void, is so to such an extent, or is so connected with the other provisions, as to render the whole will void. *Haxton* v. *Corse*, 2 Barbour Ch. Rep. 506; *De Kay* v. *Irving*, 5 Denio, 646; *Parks* v. *Parks* 9 Paige Rep. 117; *Darling* v. *Rogers*, 22 Wendell, 483; *Dupre* v. *Thompson*, 4 Barbour Sup. C. Rep. 279; *Van Vechten* v. *Van Vechten*, 8 Paige, 128.

The only provision subject to criticism is that in which the trustees are, during the time limited, to apply the income of the estate to the issue of any of the children who may die leaving issue. If the court shall think this direction void, still, the authorities cited are in point, that the other provisions may stand.

The court erred, however, in declaring that the trust wholly ceased upon the two children attaining the age of twenty-one years, and in this respect the decree appealed from should be modified.

The statute declares the *accumulation* shall cease at the termination of the minority of the children. The trust is valid, so far as holding and managing the estate is concerned during the two lives, or until the children named attain the age of thirty years, if they live so long, but the accumulation will cease. That is, the whole income must be paid over to the persons entitled after majority, but the principal will remain in the hands of the trustees during the time limited.

DALY, J.—I concur in the judgment pronounced at the special

term, except as far as it declares that the trust estate shall cease when the two youngest children, or the survivor of them, arrive at the age of twenty-one years. The power given to accumulate beyond the minority of the testator's children was void, but the estate in the trustees continues until the two youngest children, or the survivor of them, attain the age of thirty years. So far as holding and managing the estate during the two lives, or until the two youngest children reach the age of thirty years, if they live so long, it is a valid trust and may be executed. With this modification, therefore, I think the judgment of the special term should be affirmed.

Judgment accordingly.