All the judges concurred, except ROSEKRANS and MARVIN, JJ., who did not vote.

Judgment affirmed, with costs.

---

## WARFIELD *v.* CRANE.

### December, 1868.

Where land, of which one undivided share is held in fee, and the other undivided share in tenancies for life and in remainder, is conveyed in parcels, by successive deeds, to different persons, the later conveyances expressly referring to the former and being subject thereto, the court, on making partition between the owners of the undivided interests, should give effect to the earliest conveyances in preference to the later.

The principle of partition is the same where a sale is necessary, as where actual partition is made ; and the rights of the parties in the proceeds of sale are the same as in the lands themselves.

Where the equities of the case give some of the parties an interest in specific parcels, they are entitled to have the actual value of such parcels ascertained ; and a judgment directing that the value of the parcels assigned on account of such equities, shall be estimated at the same rate as the other parcels bring upon a sale, is error, unless it appears by the record that it did not work injustice.

Thomas W. Warfield brought an action against Carso Crane and wife and others, for a partition of lands.

Alexander W. Warfield, the common ancestor, devised a tract of about one hundred and ninety-two acres to his two sons,

Alexander and Arnold; one undivided half to Alexander in fee, the other undivided half to Arnold for life, remainder to his heirs. Alexander conveyed his share to Arnold, and after Alexander's death, the deed being lost, his heirs also conveyed it to Arnold.

Arnold, then owning one-half in fee, and a life estate in the other half (the remainder being vested in his heirs), conveyed fifty acres by specific bounds, in fee to one Fitzgerald. Subsequently, Arnold conveyed the residue of the whole tract, excepting so much as was conveyed to Fitzgerald, to James Warfield. Warfield, by successive conveyances to different persons, granted separate parcels of the tract, the last conveyance being to the defendant Carso Crane.

In the present suit, the claimants, under the earliest grants of Arnold, insisted that they were entitled to hold in fee, and that the last conveyance should be deemed to convey the life estate only.

*The supreme court* confirmed the title of the earlier grantees, and directed a sale, and a division of the proceeds of the land last conveyed; and directed that the portions not sold be estimated according to the price brought by those sold. Carso Crane, the last grantee, appealed.

*E. G. Lapham,* for defendant, appellant.

*T. R. Strong,* for plaintiff, respondent.

BY THE COURT.—WOODRUFF, J.—The correctness of the principle upon which the court below proceeded, in directing a partition of the premises in question herein, so as to give full effect to the earliest conveyances, in preference or priority to the conveyance to the appellant Crane, can not, I think, be denied.

By those prior conveyances, Arnold Warfield, and his son James Warfield, were bound, and whoever took conveyances from them thereafter, were (in respect of one-half of the lands held in fee) precluded from objecting, that those earlier deeds should not, as between the grantees therein and themselves, operate according to their purport.

Warfield v. Crane.

The defendant Carso Crane, who alone appeals, holds in distinct subordination to the rights of the earlier grantees. He took with actual knowledge;—first, of the prior conveyances; second, that as to one-half of the lands conveyed to him he might acquire only an estate for the life of Arnold Warfield; and, third, that his title was subject to the proper legal and equitable operation of the conveyances by his grantors, of the lands previously conveyed by them. Knowledge of all the facts out of which legal or equitable rights arise in favor of another is knowledge of those rights.

If, therefore, the appellant had no interest in the premises except as owner of the fee in one-half, which was originally vested in Arnold Warfield, so far as that was conveyed to him, he would have no claim against those prior grantees; as to him, as such owner, they are entitled to have the other one-half assigned to the remainder-men out of the lands last conveyed, i. e. out of lands conveyed to him. And if this was his only interest, the judgment should clearly be affirmed, for the other defendants, who are remainder-men, have not appealed. They do not complain that in the partition or in the sale and distribution ordered by the judgment they do not receive their just share of the property.

But the appellant Crane holds a two-fold relation to the subject, first, as grantee of the fee in a portion of the property; second, as grantee of one-tenth of the remainder in one-half of the whole property, by the conveyance from James Arnold, one of the remainder-men by the original devise.

Now, although he is bound to submit to have the remainder assigned to the lands which were conveyed to him, he is entitled in fee to the residue after such remainder has been so assigned; i. e. one-half of the whole property is first to be assigned out of the lands conveyed to him, and whatever remains of those lands belongs to him as the owner in fee.

This is in exact conformity with the decision made on the trial, and is the rule by which the rights of the appellants must be settled. That decision, contemplating an actual partition of the lands, was therefore correct.

If an actual partition was made it would be governed by the actual value of the whole premises (exclusive of the buildings

and improvements erected by the several grantees of Arnold and James Warfield).

But the court below, in settling the final judgment or decree, have directed, instead of such actual partition, a sale.

Upon what proofs or upon what inquiry into the practicability of making actual partition the court was induced to order the sale, does not appear by the record. I do not, however, understand the appellants as raising any question of the propriety of the judgment on that ground. No doubt the court had, by some proceeding not embodied in the record, ascertained that an actual partition was impracticable, and a sale was, therefore, necessary.

But, where, on bill for a partition, a sale is found necessary, the principle or rule of partition is not changed. The rights of the parties in the proceeds of sale are precisely the same as in the lands themselves; and their several interests are determined by the actual value of the whole premises. Reserving, to certain of the parties, portions by reason of their prior equities, does not affect the right of the others in the adjustment of their respective interests, to have the actual value of the reserved portions of the whole property brought into view.

The decree directs, that in determining the respective interests of the appellant, and the remainder-men, in the proceeds of the lands directed to be sold, the lands held by the prior grantees, and which were reserved to them in fee, should be estimated at the same rate or value as shall be produced by the lands which are sold. There is nothing in the record before us which shows that this is right, and no rule of law prescribes such a mode of declaring or fixing the value of the lands so reserved or assigned to the prior grantees.

Those lands may be worth more per acre than the lands held by the appellant; they may be worth less; and the value of the two may be equal. It can not be said as matter of law, that the appellant was bound to submit to a naked assumption that they were worth neither more nor less, or that by law they must be assumed to be of equal value.

Such an assumption was therefore erroneous, there being nothing in the record which shows that it did not work injus-

tice to the appellant ; he has a right to complain thereof, as he does, on this appeal.

To illustrate, suppose that the actual value of the ninety-two acres reserved to the prior grantees, and exempted from the sale (exclusive of buildings, &c., before referred to, if any), is but ten dollars per acre, and that the one hundred acres conveyed to the appellant, and ordered to be sold, produce twenty-five dollars per acre. Then, obviously, the appellant would suffer wrong and loss by a distribution of the proceeds of the sale, in the manner directed by the decree.

Thus, the actual value of the whole premises, on this supposition is, 92 acres at $10 per acre, . . . . . . .    $920 ·
100 acres at $25 per acre,   . . . . . . . . .     2,500

Total,   . . . . . . . . . . . . . . . .   $3,420
Distributing this according to the equitable rights of the parties, upon the principle above stated, would give to the appellant—
First, as the owner of the $\frac{1}{10}$ of $\frac{1}{2}$ in remainder,  . . .  $171
Second, as owner in fee, of so much of the land conveyed to him, and now sold, as was not required, to satisfy the claims in remainder, to one-half of the whole, $2,500 less $1,710,  . . . . . . . . . .   790

To be distributed to the appellant,  . . . . . . :  $961
Whereas, by the terms of the decree, the whole of the lands are to be estimated at $25 per acre, $4,800, of which he would receive, as remainder-man, $\frac{1}{10}$ of $\frac{1}{2}$,
$\frac{2400}{10}$,  . . . . . . . . . . . . . . . . .   $240
And as owner in fee $2,500, less $2,400,  . . . . .   100

Total,   . . . . . . . . . . . . . . . . .   $340
It is true, that if this discrepancy in value was reversed, it would appear that the decree will operate more favorably to him than it ought. But upon any facts appearing in the case, this direction in the decree does not appear to have been warranted, and the appellant is here complaining of it as an error. We can not say that it has wrought no injustice to him.

IV.—34

This error does not appear in the finding and decision of the court on the trial, but in the decree; in that respect, the decree does not follow the principle of the decision.

As already stated, the distribution of the proceeds of sale should be according to the *actual value* of the whole premises.

It is very desirable, that, in order to save expense to all parties, the decree should be corrected, without a new trial; there would seem to be no practical benefit to either in disturbing the findings or decision made on the trial of the cause. The judgment must, however, upon the record before us, be reversed; and the court below may, I think, proceed to a proper judgment, upon the original findings and decision, in conformity with these views.

Upon the other questions raised on the appeal, I concur in the opinion that no error was committed.

A majority of the judges concurred.

Judgment reversed.