SAMUEL KNAPP, Respondent, *v.* MERTILLO WARNER, Appellant.

For the purpose of explaining a written instrument, extrinsic evidence of all the circumstances surrounding the author of the instrument, the knowledge of which can, in any way, be made ancillary to the right interpretation thereof, is admissible.

(Argued January 15, 1874; decided May term, 1874.)

THIS was an action to recover for work and labor. The answer set up a counter-claim for support and maintenance, and also a contract under which, it was claimed, no charge was to be made for such work and labor, but it was to go in payment of plaintiff's support, and supplies furnished him.

The wife of defendant was plaintiff's sister; plaintiff had formerly lived in defendant's family. He went west and remained several years; returning in 1868, he went to work for defendant, living in his family. In 1860, the contract in question was executed between plaintiff of the one part, and defendant and his wife of the other, in and by which plaintiff, in consideration of love and affection and of services and supplies theretofore furnished, and of the covenants therein, transferred to defendant's wife all his right and interest in the estate of his deceased father. They agreed to "furnish and provide him with such support and supplies as may be necessary for his reasonable and decent maintenance and comfort, whenever he may need such support, *in addition to the proceeds of his labor*, so long as he shall live, provided, however, that the supplies and maintenance furnished, * * * together with such supplies and maintenance as may have been heretofore furnished, * * * shall not exceed in value the amount which shall have been received" by and under the transfer therein. The case turned upon the construction of this clause. The theory of the defendant was, that the plaintiff was of weak mind and unable to earn wages as an ordinary working man.

Plaintiff offered in evidence various letters, written to him by defendant and members of the family of the latter, with his knowledge, containing advice to him to save and

lay up what he could out of his wages, and that he could do better to return and hire out there than in the west. These letters were objected to as immaterial. *Held*, that they were proper to be considered as shedding light upon the agreement, the court laying down the general rule as above stated ; and the court *held*, under all the circumstances of the case, the correct interpretation of the contract was, that defendant and his wife were to pay for the interest transferred in past and future services until the amount received was fully made up, or until plaintiff's death, reserving to him his claim for the proceeds (*i. e.*, the value) of his labor, for which he had a right of action.

*Amasa J. Parker* for the appellant.

*E. G. Lapham* for the respondent.

Dwight, C., reads for affirmance.
All concur.
Judgment affirmed.