Van Brunt, J.
It is evident that the “Society for the Relief of the Destitute Blind” in the city of New York was the institution referred to by the testator in his will.*
The contingency by which, according to the terms of the will, any other society could obtain any share or interest in the legacy in question, is stated to be “in'case the said society shall cease to exist, or maintain an institution suitable for the care of the blind, during the life of the said William Gordon.” That this contingency has ever happened is not contended by any of the parties to this action. It is only upon the happening of this contingency that William Gordon was to have the right to máke any selection of any other institution or society, to maintain and care for him.†
This proposition seems so plain that it needs no argument for its establishment, as the will is perfectly clear and explicit upon this point. It is also equally clear that the defendant Gordon has no right, under any contingency, to any part of the legacy, or the income thereof.
The more difficult question, however, is as to whether the legacy has lapsed, because Gordon at the death of the testator was not being maintained and cared for by the Society for the Relief of the Destitute Blind.
I see nothing in the terms of the will which requires the said institution to maintain and care for the said Gordon within its own walls; the use of the words in the will “ now an inmate of that institution ” being intended merely to designate the William Gordon. I do not think that it could possibly have been the in *58 tention of the testator, in case this institution had maintained and cared for Gordon during the greater part of his life, and Gordon had refused to be further maintained by them, that the society should lose the benefit of the legacy, which would be the case if the .language of the will is to be strictly construed.*
Taking into consideration this fact, the object that the testator undoubtedly intended to attain (viz.: the maintenance of Gordon during the balance of his life), the fact that the testator intended to benefit the particular institution named in the will, which intention is undubitably shown by the circumstance that it was only in case the said society ceased to exist, or to maintain an institution suitable for the care of the blind, any other society could possibly participate in *59 the legacy, it would seem to be the manifest intention of the testator to give this $32,000 to the said society, upon condition that they should maintain and care for during his life the said William Gordon.
If this was the case, and such was the intention of the testator, the legatee, after being informed of the legacy, had the option to accept it and perform the condition imposed, or reject it.
The society in question, upon being informed of the legacy, notified Gordon that they would maintain and care for him according to the terms of the will, and his refusal to be maintained by them cannot be held to be ■ a breach of the condition.
This interpretation would seem to carry out the intention of the testator, whereas any other would defeat every object which the testator desired to attain by the clause of his will in question. It follows, that the first, third and seventh of the questions presented must be answered in the affirmative, and the balance in the negative.
Judgment accordingly.

 Sec also Betts v. Betts, 4 Abb. New Cas. 322, note.

 Compare Five Points House of Industry v. Amerman, 11 Hun, 161, rev’g Booth v. Cornell, 2 Redf. Surr. 261.

 For the interpretation of various other testamentary provisions for support, see Gilman v. Reddington, 24 N. Y. 9, affi’g 1 Hilt. 492; Downing v. Marshall, 4 Abb. Ct. App. Dec. 525; Thompson v. Carmichael, 3 Sandf. Ch. 120; Tolley v. Green, 2 Id. 91; King v. Woodhull, 3 Edw. 79; Van Veghten v. Van Veghten, 8 Paige, 104; Craig v. Craig, 3 Barb. Ch. 76; Brundage v. Foreign and Domestic Missionary Society, 60 Barb. 204; Moore v. Moore, 47 Id. 257; Magee v. Magee, 67 Id. 487; Camp v. Gifford, Id. 434; Ferris v. Purdy, 10 Johns. 359; Dresser v. Dresser, 35 Barb. 573; Rhodes v. Rhodes, 3 Sandf. Ch. 279.
For a convenient clue to the scattered cases on contracts for support and maintenance, see Jackson v. Topping, 1 Wend. 388; Pool v. Pool, 1 Hill, 580; Hart v. Hart, 22 Barb. 606; 14 How. Pr. 418; Butler v. Tucker, 24 Wend. 447; Wetterwulgh v. Knickerbocker Building Association, 2 Bosw. 381; McKellip v. McKellip, 8 Barb. 552; Hawley v. Morton, 23 Id. 255; Loomis v. Loomis, 35 Id. 624; Merritt v. Seaman, 6 N. Y. 168; Stanton v. Miller, 1 Sup'm Ct. (T. & C.) 23, rev’d in 58 N. Y. 192; Schell v. Plumb, 55 N. Y. 592, affi’g 16 Abb. Pr. N. S. 19; Knapp v. Warner, 57 N. Y. 668; Mott v. Richtmeyer, 67 Id. 49; Dutcher v. Porter, 63 Barb. 15; Wetmore v. Jaffray, 9 Hun, 140; Green v. Green, 32 Ind. 276; Howe v. Howe, 10 N. H. 88; Keeler v. Baker, 1 Heisk (Tenn.), 639; Austin v. Austin, 9 Vt. 420; Bethlehem v. Annis, 4 N. H. 35; Shaffer v. Lee, 8 Barb. 412; Robinson v. Robinson, 9 Gray, 447; Welch v. Welch, 103 Mass. 562; Speers v. Sewell, 4 Bush. (Ky.) 239; Ackerman v. Ackerman, 24 N. J. Eq. 315; Thompson v. Stevens, 71 Pa. St. 161.