### BROWN *v.* BALDWIN & GLEASON Co., Limited.

*(Common Pleas of New York City and County, General Term.* April 6, 1891.)

1. OBJECTIONS TO VERDICT—ESTOPPEL.

    In an action for breach of contract defendant waived its right to go to the jury on the question of the breach by requesting "to go to the jury upon the question of the amount" of damages sustained by the plaintiff. *Held,* that defendant thereby admitted plaintiff's cause of action, and could not thereafter object to a verdict for plaintiff upon the ground that it was rendered upon his unsupported testimony.

2. WRITTEN CONTRACT—PAROL EVIDENCE—CUSTOM AND USAGE.

    Evidence to show that an agreement in writing "to serve as traveling salesman" imposes upon the salesman, according to the usages and customs of trade, the duty of making up samples necessary for his business, is admissible in an action for breach of such contract.

3. CONTRACT OF EMPLOYMENT—BREACH—EVIDENCE.

    In an action for breach of contract of employment, evidence of plaintiff's drunkenness, by which he is incapacitated to render the services contemplated, is competent.

4. SAME.

    Though the contract provides for the payment of the employe's traveling expenses by the employer, evidence of such expenses after the breach, and after the employe has gone into business for himself, is inadmissible on the question of damages.

Appeal from city court, general term.

Action by William T. P. Brown against the Baldwin & Gleason Company, Limited, to recover damages for an alleged wrongful discharge from the defendant's service. The plaintiff was employed by the defendant to serve it "exclusively and actively as traveling salesman" under a written contract. He entered upon his duties, but soon thereafter declined to pursue them, upon the ground that they did not include the getting out a line of samples for the trade. Defendant offered evidence tending to show that the preparation of samples was included by the usages of trade in a written contract to act as "traveling salesman;" also to show that the defendant was incapacitated, by habits of intemperance, to fulfill his contract,—all of which the court rejected. The defendant thereupon requested to go to the jury upon the amount of damage sustained by the plaintiff. There was a verdict and judgment for the plaintiff, and the defendant appeals.

Argued before DALY, C. J., and BISCHOFF, Jr., and PRYOR, JJ.

*E. G. Duvall, Jr.*, for appellant.    *Wilmot & Gage*, (*De B. Wilmot*, of counsel,) for respondent.

PRYOR, J.    The appeal is from a judgment only, and the case exhibits no statement that it contains all the evidence. We are confined, therefore, to the review of errors of law duly raised by exceptions in the record.    Appellant urges that the trial court erred in directing a verdict; and, since the plaintiff himself was the only witness in his behalf, the contention would probably be valid if the appellant had not waived its right to go to the jury on the question of the wrongful discharge of plaintiff.    *Kavanagh* v. *Wilson*, 70 N. Y. 177; *Gildersleeve* v. *Landon*, 73 N. Y 609; *Wohlfahrt* v. *Beckert*, 92 N. Y. 490.    True, the appellant made no motion for a nonsuit or the direction of a verdict; and, had it rested there, it might now claim that whether respondent was wrongfully dismissed should have been submitted to the jury on conflicting evidence; but appellant followed respondent's motion for a direction in his favor by a request "to go to the jury upon the question as to the amount."    Here was a distinct concession that upon the evidence there was no issue for the jury except the amount of damages, and a waiver of the right to go to the jury on any other question.    Since the evidence as to the fact was contradictory, we are to assume that the court would not have taken the question of respondent's discharge from the jury had not appellant, in effect, admitted that the only issue for them was the amount of damages.    Having so assured the court at the trial, appellant cannot now and here retract the concession.    Hence the wrongful discharge of respondent is, on this appeal, an unimpeachable fact.    But if the court erred in the rejection of evidence proving the misconduct of respondent as the cause of his discharge, such error would be fatal to the judgment; for we could not say but that, had the trial judge received the evidence, he would have believed it, and have considered it as sufficient in law to justify respondent's dismissal.    It appears by the contract between the parties that respondent was engaged "to serve this company exclusively and actively as traveling salesman for our Christmas, Valentine, and Easter novelty business;" and the evidence tended to show that respondent was discharged because "he refused to make up samples."    Appellant offered to prove that by the custom of the trade it was the duty of a traveling salesman "in that line of business to get up his own samples."    The evidence was objected to on the ground that it was "irrelevant and immaterial, the contract speaking for itself;" and, being excluded, appellant duly excepted.    Irrelevant and immaterial the offered evidence certainly was not, for it was directed to the essential issue in the case,—the wrongful discharge of respondent.    Doubtless the learned trial judge rejected the evidence on the ground that a written contract cannot be added to or in any way altered by oral testimony.    By the contract the respondent was "to serve as traveling salesman;" but what were his duties as such is not defined, nor does the law determine them.    Parol evidence of trade usage ascertaining those duties was, therefore, in no sense contradictory of or inconsistent with the terms of the written instrument, but tended only to show the full meaning and effect of the words "traveling salesman."    "Parol evidence is competent to annex incidents to written instruments, to explain a particular word or phrase appearing therein, or to clear up and render definite and precise what was indefinite and ambiguous."    Broom, Com. Law, (3d Eng. Ed.) 518.    In *Metzner* v. *Bolton*, 9 Exch. 518,—a leading case,—the declaration stated that the plaintiff entered into the service of the defendant as a commercial traveler at a yearly salary, and that the defendant agreed to continue him in his employ for a whole year, but discharged the plaintiff before the expiration of the time specified.    The court ruled that evidence of a usage in the trade to dismiss with three months' notice was admissible to annex a term to the written contract, for "generally usages are tacitly annexed to all contracts relating to

the business with reference to which they are made, unless the terms of such contracts expressly or impliedly exclude them." 2 Phil. Ev., Cow. & H. notes 510, 522; *Hagan* v. *Machine Co.*, 9 Hun, 73; *Knapp* v. *Warner*, 57 N. Y. 668; *Boorman* v. *Jenkins*, 12 Wend. 573. The evidence offered was clearly competent, and its exclusion was error. Another error by the court below also requires a reversal of the judgment, namely, the exclusion of evidence of plaintiff's drunkenness. It was part of his case to prove, as alleged, his wrongful discharge; and, in conformity with a familiar rule, the defendant had the right, under a general denial, to negative any fact essential to the cause of action. Accordingly it was open to the defendant on the pleadings to show that the plaintiff's dismissal was rightful, because of intoxication. The evidence tendered should have been received. A ruling by the learned trial judge, not noticed in appellant's argument, should be indicated, that it may be avoided on the new trial. By the contract it was stipulated that plaintiff should receive $25 a week, and his "traveling expenses be borne" by the defendant. By the verdict plaintiff was awarded $220 expenses for "board, car-fare, and lunches," incurred when he was no longer in defendant's service, and while he was "in business for himself." We are aware of no principle or precedent which justifies this recovery. Judgment reversed, and new trial; costs to abide event. All concur.