Isaac W. How & others *vs.* Samuel W. Waldron & others.

A testator gave estate, real and personal, to trustees, directing surplus income to be equally divided among his children, authorizing advancements to be made to them under certain circumstances, and providing, when the trust should end, " and the trustees convey the estate to said children, it being my will that said estate shall then be equally divided amongst my children, regard being had to the abovementioned provisions, and the prior advancement of any of said children being considered, said estate it is my will shall go to my children as abovementioned, their heirs and assigns forever." *Held,* that the trustees at the termination of the trust might convey the real estate to the children as tenants in common.

Bill in equity by the children of Hall J. How, deceased, and their legal representatives, against the trustees under his will, setting forth that the trusts terminated in 1865 and it then became the duty of the trustees to divide the real and personal estate of the testator into nine equal parcels and shares, [that being the number of the children,] and to convey one of said parcels and shares to each of the complainants, free from all trusts; that the trustees have already so conveyed the personal estate, but still hold large tracts of valuable land in Boston, and refuse to divide the same into nine equal parcels, by metes and bounds, and convey one of said parcels to each of the complainants. The prayer was that the trustees should be ordered so to divide and convey said real estate. The respondents answered that they had refused to make such division and conveyance as requested, because they were advised that it was their duty to make conveyance to said parties as tenants in common.

The following are the material portions of the will :

" I give and devise all my estate, both real and personal, of every sort and description, to my wife, Elizabeth P. How, and Samuel W. Waldron, and Hall J. How, Junior, of said Boston merchants, and Oliver N. Shannon, of Newton, in the county of Middlesex, gentleman, their heirs and assigns, in trust, for the uses and purposes hereinafter mentioned."

" And it is my will that said trustees shall carefully and prudently manage said estate, and pay the said Elizabeth P. How all the income thereof, not exceeding two thousand dollars per

year; and that she be allowed the use of a suitable house for herself and her family, free of rent; said two thousand dollars to be for the support of said Elizabeth, and our daughters who shall remain unmarried, and our minor children during their minority; and if a larger sum is considered by said trustees as necessary for that purpose, they are authorized to pay to her a further sum or sums, not exceeding five hundred dollars per year; and I direct that the surplus of the income, after payments before mentioned, be equally divided amongst my children, said trustees retaining and taking care of the parts belonging to the minors until they shall be of age.

" Whenever any of my children shall be married, it is my will that an advancement be made to such child of one thousand dollars, as a part of the portion of such child, and that interest be charged thereon from the time of such advancement.

" If my sons, being of age and of good habits, shall wish to begin business, said trustees may loan, if there shall be funds, a sum not exceeding five thousand dollars to each or either of them, taking his or their note or notes for the same on demand, with interest annually, and if not wanted for other purposes said loan or loans may remain till a final division of said estate.

" In case of the death of said Elizabeth P. How, before the children are all of age, it is my will that a sum not exceeding two thousand dollars per year be paid for the support of my unmarried daughters and minor children, during the minority of said children.

" And it is my will that said estate be held in trust, as before mentioned, until the year eighteen hundred and sixty-five, when the payment of two thousand dollars per year shall be secured to said Elizabeth P. How (if living) during her life, and the trust shall then end, and the trustees convey the same to said children, after the abovementioned provision for Elizabeth P. How, it being my will that said estate shall then be equally divided amongst my children, regard being had to the abovementioned provisions, and the prior advancement of any of said children being considered, said estate it is my will shall go to my children, as abovementioned, their heirs and assigns forever."

The case was reserved, by *Hoar*, J., upon the bill and answer, for the determination of the whole court.

*S. W. Bates*, for the complainants.

*F. E. Parker*, for the respondents.

CHAPMAN, J.   The complainants contend that the respondents are required by the will of Hall J. How to make partition of the estate which they hold in trust and then make conveyance of the several parcels to the devisees.   The respondents on the other hand contend that they have nothing to do but convey the estate to the devisees as tenants in common.   As the estate is to be equally divided, a partition requires not only that the property shall be divided into equal parts, but that the trustees shall set off to each devisee his respective parcel.   This would be a delicate duty for the respondent Hall J. How, who is himself to take one share.

The will directs that the trustees shall hold the property till the year 1865, and, after making to the widow a certain allowance, "the trust shall then end, and the trustees convey the same to said children," "it being my will that said estate shall then be equally divided amongst my children."   And again: "Said estate it is my will shall go to my children as abovementioned, their heirs and assigns forever."

The court are of opinion that this language does not import the duty of making partition.   The trust expires with the lapse of time, and the duty of making a conveyance is all that is expressed.   A conveyance to the children in common, in equal proportions, effects the intent of the testator.

In a will, the words " equally to be divided," or " share and share alike," or " in equal shares," or " equally to be divided between them," or other equivalent expressions, are construed to give a tenancy in common.   *Emerson* v. *Cutler*, 14 Pick. 114. *Fisher* v. *Wigg*, 1 P. W. 14.   Therefore a conveyance to the devisees in common will apparently effect the intent of the testator as expressed in this clause.   It is also to be considered that it is sometimes difficult to make partition equal, and that a provision has been found necessary to enable commissioners to make the partition in unequal shares, and give equivalents in money   Gen. Sts. *c.* 136, § 26.

It is contended that other portions of the will, authorizing the trustees to make advances, render it proper for them to make the partition, because they alone could know the amount of the advances. But this was a discretionary power, and does not show an intent to direct the trustees in this respect. The argument that the clause applies to personal as well as real property and that, as personal property is not to be conveyed to them jointly, therefore the real estate should be divided before it is conveyed, has no force, because of the difference in the nature of the property, and because it is not apparent that every species of personal property must be conveyed to each in severalty. The direction that the surplus of the income shall be " equally divided amongst my children " applies to money in the hands of the trustees, and is to be construed according to the subject matter. Because money is most properly paid over to each in severalty, it does not follow that real estate is to be subjected to the process of partition before being conveyed.

*Bill dismissed with costs.*