### AARON C. MAYHEW & others *vs.* BENJAMIN D. GODFREY & others.

A testator gave "the improvement" of a lot of land to his wife, "so long as she shall occupy the same, free of rent, she remaining my widow." "But should my wife marry again, and improve and occupy the estate above mentioned, she shall do so, so long as she shall annually pay to my sister $300; and should my wife at any time abandon the occupancy of the estate aforesaid, then I give and devise the same" to trustees in trust "to dispose of said estate, and invest the moneys received from the sale of the same in stocks, or place the same securely at interest, and annually, or more frequently, if the dividends or interest accrue and be paid more frequently, pay the same to my wife and my sister in equal proportions." After other gifts, he gave the residue of all his estare to his wife, sister and brother in equal shares. The wife abandoned the occupancy, and the trustees sold the land and invested the proceeds. *Held*, that, on the wife's death, the trust terminated, and the principal of the fund, with all after accrued income, went under the residuary clause; and that, the interest under that clause being vested, the wife's share passed under her will.

MORTON, J. The clause in the will of David S. Godfrey, under which the principal question submitted to us arises, is in substance as follows: "I give and devise the improvement of a portion of my real estate, bought of the heirs of the Rev. David Long, to my wife Elizabeth so long as she shall occupy the same, free of rent, she remaining my widow." "But should my wife, the said Elizabeth, after my decease, marry again and choose to improve and occupy the estate before mentioned, she shall do so, so long as she shall annually pay to my sister Mary Fiske, widow of the late Dr. James Fiske, the sum of three hundred dollars; and should my wife, the said Elizabeth, at any time abandon the occupancy of the estate aforesaid, then I give and devise the same" to John S. Scammell, William Claflin and Aaron C. Mayhew, "upon trust that they shall jointly and together dispose of said estate, and invest the moneys received

from the sale of the same in stocks, or place the same securely at interest, and annually, or more frequently, if the dividends or interest accrue and be paid more frequently, pay the same to my wife, Elizabeth, and my sister Mary Fiske, in equal proportions."

The will also contains a residuary clause giving all the residuum of the testator's estate to his wife Elizabeth, his brother Benjamin D. Godfrey and his sister Mary Fiske, to be equally divided between them.

It appears from the bill and answer, that, after the death of the testator, his widow abandoned the occupancy of the said estate, and the trustees thereupon sold the same and invested the proceeds as a trust fund in accordance with the provisions of the will, and for several years paid the income thereof, one half to the said Elizabeth and one half to said Mary Fiske. The said Elizabeth married the defendant Hamilton B. Staples in June 1858, and died in July 1867, leaving a will in which the said Staples is named as residuary legatee and of which he is the executor. Upon these facts, the trustees seek the direction of the court as to the proper disposition of the above named trust fund.

The language of the will directly applicable to this trust fund contains no provision as to the duration of the trust, except so far as is implied in the direction that the income shall be paid to the testator's widow and sister " in equal proportions." But construing this provision in connection with the other parts of the will, we are of opinion that it was the intention of the testator to give his widow and sister an estate in this trust fund for the life of the former. The purpose of the clause, of which the substance is cited above, seems to be, to dispose of the estate bought of the Long heirs, during the life of Elizabeth only, leaving the remainder, after the life estate is terminated, to fall within the residuary clause. It provides for three contingencies : First. If the widow occupies the estate and remains unmarried, she is to have the improvement of it, free of rent. Second. If she marries and occupies the estate, she is to have the improvement of it, subject to a charge of three hundred dol-

lars a year to be paid to Mrs. Fiske.    Third.  If she abandons
the occupancy, the estate is to be sold and converted into a
trust fund, the income of which is to be divided equally between
her and Mrs. Fiske.

In either of the first two contingencies, it is obvious that the
widow would take only a life estate; and that the remainder,
being undisposed of, would fall within the residuary clause.
*Thayer* v. *Wellington*, 9 Allen, 283.   It is equally clear that in
the second contingency Mrs. Fiske would take only an interest
during the life of the said Elizabeth.   In the third contingency,
provision is made for a trust fund to be substituted for the Long
estate; and, by dividing the income equally between the two
objects of his bounty, the testator makes substantially the same
provision for each as she was entitled to before the change.
There is nothing in the will which indicates that he intended to
give them a larger or different interest in the trust fund than they
would have in the estate for which it was substituted.   Con-
struing the clause in question as a part of the testator's scheme
for the disposition of the Long estate, we are of opinion that
the limitations in the first two contingencies are applicable to
the third, and that the widow and Mrs. Fiske took an interest in
the trust fund for the life of the widow only.

It follows, from these considerations, that upon the death of
the widow the trust terminated.   The trustees took an estate
coextensive with the requirements of the trust, and, these having
been accomplished, the trust ceased, and the fund is to be dis-
tributed under the residuary clause.    Under this clause, the
three residuary legatees took an estate in remainder, which
vested at the death of the testator, as tenants in common.  *How*
v. *Waldron*, 98 Mass. 281.   The interest of the said Elizabeth
as residuary legatee, being a vested interest, upon her death
passed under her will.   The result is, that Benjamin D. Godfrey,
Mary Fiske, and the defendant Staples, are each entitled to one
third of the trust fund, and of such income thereof as has ac-
crued since the death of the said Elizabeth.   All the income
which accrued before her death is to be divided equally between
her and Mrs. Fiske, and that portion thereof which accrued and

vested in her previously to her death passed to the defendant Staples. The same rule applies to the income of the other trust fund created by the will. To such proportion of it as accrued and vested in Mrs. Staples before her death, her executor is entitled, and the balance and such as has since accrued is to be divided according to the provisions of the will applicable thereto, in regard to which no question has been raised.

*Decree accordingly.*

*W. F. Slocum & F. P. Goulding*, for Hamilton B. Staples.

*T. G. Kent*, for Benjamin D. Godfrey.

*J. S. Scammel*, for Mrs. Fiske.

