J. THEODORE HEARD & another, trustees, *vs.* JOHN READ
& others, executors, & others.

Suffolk.    January 24, 25, 1898. — June 2, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Will* — *Termination of Trust* — *Power of Trustees to sell Real Estate after Death
of Life Tenant, and divide Proceeds.*

Where the power to sell real estate is given to trustees by will for the purpose of
changing investments of the trust property and of performing the duties of the
trust, when the trust terminates by the death of the life tenant this power
ceases to exist.

BILL IN EQUITY, by the trustees under the will of John W.
Trull, to obtain the instructions of the court as to its construction.    After preliminary provisions he gave the residue in
trust :

" To receive and collect the income and produce thereof, and,
after deducting all needful and proper costs, charges, and expenses, to pay the residue of said income from time to time,

into the proper hand, or upon the written order of my said daughter, Mrs. Elizabeth Eldredge, for her sole and separate use, free from the control or interference of any husband, or liability for his debts or engagements.

"At and after the decease of my said daughter, I give the said trust premises to her issue, equally to be divided between and among them, if more than one, in fee simple, the children of any deceased child of my said daughter to take the parent's share by representation.

"If my said daughter shall leave no issue surviving her, the trust premises shall, at her decease, be divided into two equal parts or portions, one of which parts shall go to and be held by the said John T. Heard and his heirs in fee forever, and the other part shall be divided among my heirs at law, as though I died intestate.

"I give my said trustees and their successors, and any persons acting as trustees under this will, full power and authority to sell any and all real estate of which the trust premises shall be at any time composed, and to make any and all deeds, and do any and all acts necessary or proper for carrying into full effect any and all such sales; and the purchasers from such trustees shall not be bound to see to the application of the purchase money.

"And I give my said trustees, and their successors, and any persons acting as trustees under this will, full power and authority to invest, reinvest, and change any and all property of which the trust premises shall be at any time composed, in such manner as they may deem most beneficial for the parties interested in the fund, but I recommend them, whenever a good opportunity offers, to invest the trust moneys in real estate, situate in the city of Boston, which I consider the best and safest investment, or in notes secured by mortgages of real estate in said city."

After the hearing reported 169 Mass. 216, the case was submitted upon the bill, answers, and an agreed statement of facts to *Allen* J., who reserved for the consideration of the full court the question, undecided in the former opinion, whether the trustees had power to sell the real estate, the life tenant having deceased, and divide the proceeds among those entitled thereto.

*S. Lincoln*, for J. Theodore Heard.

*G. F. Richardson & F. N. Wier*, for the heirs of John W. Trull at the death of Elizabeth Eldredge.

FIELD, C. J.   The question here presented was left undecided in the former consideration of this case. *Heard* v. *Read*, 169 Mass. 216. We are of opinion that the trustees took, either in fee or for the life of Mrs. Eldredge, the legal estate in the real property given in trust by the testator. *Sears* v. *Russell*, 8 Gray, 86. The trust is, "To receive and collect the income and produce thereof, and, after deducting all needful and proper costs, charges, and expenses, to pay the residue of said income from time to time into the proper hand, or upon the written order of my said daughter, Mrs. Elizabeth Eldredge, for her sole and separate use, free from the control or interference of any husband or liability for his debts or engagements."

- During the life of Mrs. Eldredge the remainder after the termination of her equitable life estate was contingent, whether that remainder be legal or equitable, but on her death the remainder vested one half in John T. Heard and the other half in the heirs of the testator, determined as of the time of Mrs. Eldredge's death. Whether the trustees still hold the legal estate in the real property, or it is vested in John T. Heard and the heirs of the testator, is a question which we have not found it necessary to decide. If it was the intention of the testator that the power to sell the real estate should remain in the trustees after the death of Mrs. Eldredge, or that the trustees after her death should be charged with the duty of making sale or partition of the real estate, then we should be of opinion that the trustees took the legal estate in fee, and that this estate did not on her death immediately vest in John T. Heard and the heirs of the testator. If such was not the intention of the testator, the question whether the legal estate is still in the trustees is one of more difficulty.

The power given to the trustees is to "sell any and all real estate, of which the trust premises shall be at any time composed" and the power given to the trustees with reference to investments is in much the same terms, to wit: "to invest, reinvest, and change any and all property of which the trust premises shall be at any time composed." Powers of sale of

real property given by will to trustees usually end when the trust ends, but if it affirmatively appears that it was the intention of the testator that the trustees should have a power of sale after the trust in other respects has terminated, such powers may be exercised after the termination of the trust. The trust in this case cannot be held to be a trust for the sale of the trust property after the death of Mrs. Eldredge, as distinguished from a trust with a power in the trustees to sell. We are unable to find any clear indication in the will that after the death of Mrs. Eldredge the testator intended that the trustees should have power to sell the real property. It might be argued with more force that the testator intended to give the trustees power to make partition, but the existence of a power in the trustees to make partition has not been contended for by any of the parties to the suit, and a power to make partition does not authorize a sale. Sugden, Powers, (8th ed.) 856. See *How* v. *Waldron*, 98 Mass. 281; *Phelps* v. *Harris*, 101 U. S. 370.

If Mrs. Eldredge died leaving issue surviving her, then the testator gave the trust premises " to her issue, equally to be divided between and among them," etc. If she died leaving no issue surviving her, then the will provides that " the trust premises shall, at her decease, be divided into two equal parts or portions, one of which parts shall go to and be held by the said John T. Heard and his heirs in fee forever, and the other part shall be divided among my heirs at law, as though I died intestate." This language does not indicate that the testator intended that the real estate after Mrs. Eldredge's death should be converted into money by the trustees, and the money paid to the persons entitled to it. It rather indicates that the trust premises, so far as they consisted of real estate, should specifically go in fee simple either to the issue of Mrs. Eldredge or to John T. Heard and the testator's heirs at law, to be divided as directed by the will.

We are of opinion that the power to sell real estate was given for the purpose of changing investments of the trust property, and of performing the duties of the trust, and that when the trust terminated by the death of Mrs. Eldredge this power ceased to exist, and that the trustees have now no power under the will to sell the real estate for the purpose of dividing the

proceeds. It is not contended that, if the will does not give the power to the trustees, the court can give it on the facts appearing in the case; and that question has not been considered. *In re Tweedie,* 27 Ch. D. 315. *In re Cotton,* 19 Ch. D. 624. *Peters* v. *Lewes & East Grinstead Railway,* 18 Ch. D. 429. *Wolley* v. *Jenkins,* 23 Beav. 53. Lewin, Trusts, (9th ed.) 681, 682. *Allen* v. *Dean,* 148 Mass. 594.

Whether the persons interested have a remedy in the Probate Court under St. 1898, c. 65, has also not been considered.

*Decree accordingly.*