JOHN T. HEARD & another, trustees, & another, *vs.*
CHARLES H. TRULL & others.

Middlesex.    March 24, 1899. — January 26, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Will — Termination of Trust — Statute — Power of Trustees — Practice.*

Where an estate is devised to trustees to pay the income to A. for life, and on his death it is directed that the trust estate shall be divided into two equal parts, one of which shall go to B. and his heirs in fee, and the other part shall be divided among the testator's heirs at law, the estate, at the death of A., vests in B. and the heirs of the testator, in equal moieties, as tenants in common, and the provisions of the St. of 1898, c. 65, do not apply.

Where there is a right of appeal from the Probate Court to this court, the matter in controversy should be judicially heard and determined in the court below.

Where the trustees under a will have power to convert personal estate into money, a petition for the protection of the trustees may be maintained under St. 1898, c. 65, which provides for the distribution of trust estates.

PETITION to the Probate Court under St. 1898, c. 65, entitled " An Act relative to the distribution of trust estates." Hearing before *Hammond*, J., who entered a decree, and an appeal was had to the full court.    The facts appear in the opinion.

*G. A. Sanderson*, for the appellants.

*F. N. Wier*, for the appellees.

·LATHROP, J.    The will of John W. Trull has been before this court in three cases.    *Sohier* v. *Eldredge*, 103 Mass. 345. *Heard* v. *Read*, 169 Mass. 216.    *Heard* v. *Read*, 171 Mass. 374.* The first case has no bearing upon the questions before us.    The second case decided, among other points, that the testator had in mind his heirs at law living at the time of the decease of his

---

* The material portions of the will may be found in *Heard* v. *Read*, 171 Mass. 374, 375.

daughter, when the one half was to be divided among his heirs at law; and that the words "as though I died intestate" meant "as though I then died intestate." In the third case it was decided that the trustees, after the death of Mrs. Eldredge, had no power under the will to sell the real estate, and divide the proceeds, one half to John T. Heard and one half among those who would have been the heirs of the testator, had he died intestate at the time Mrs. Eldredge died. The court left undetermined the question whether the trustees had any power to divide the real estate. The court also left undetermined two other questions: first, whether, if the will did not give the trustees the power to sell, the court could give them that power on the facts appearing in the case; and, secondly, whether the persons interested had a remedy in the Probate Court under the St. of 1898, c. 65.

The present application is a petition to the Probate Court under the statute last mentioned, by the trustees under the will of John W. Trull and by one of the nieces of the testator. The prayer is that the court, " after such notice as it may direct, may order the said estate, both real and personal, so given to said heirs, to be converted into cash and distribution thereof to be made to such individuals as according to such will seem to be entitled thereto; and for that purpose that your petitioners, the said trustees, may make sale and conveyance and transfer at private sale or at public auction at their election of both said real and personal estate."

On the day appointed for a hearing in the Probate Court the respondents appeared, but the petitioners did not appear, and the court dismissed the petition on this ground, as appears by the decree. The trustees only appealed from the decree to this court. The case was heard by a single justice of this court, who entered a decree directing the trustees to sell the estate both real and personal of John W. Trull, and pay the net proceeds to the heirs of John W. Trull, according to the statutes relating to the descent of real estate in the case of persons dying intestate on July 4, 1895, the date of the death of Mrs. Eldredge; and the case was ordered to be remitted to the Probate Court to ascertain the persons so entitled to receive the proceeds, and for an order of distribution, and for such further proceedings as might

be necessary in the premises. From this decree the five persons who would constitute the heirs at law of John W. Trull, determined as of the date of Mrs. Eldredge's death, according to the statutes relating to the descent of real estate in force at the date of the death of John W. Trull, namely, April 12, 1867, appealed to the full court.

In the first place we deem it proper to say that the petitioners should have appeared and presented their case to the Probate Court, and that this court should not be converted "from an appellate tribunal, as contemplated by the statutes, into a court of original jurisdiction." *Parker* v. *Parker*, 118 Mass. 110.

Passing from this, the principal question in the case is whether the St. of 1898, c. 65, has any application to the case before us. Section 1 of this chapter is as follows: "'Whenever by the provisions of a written instrument a trust estate is to be distributed in whole or in part among the heirs or next of kin of any person or persons, or to a class of persons, the probate court, on the application of any person interested, after such notice as it may direct, may order the said estate, both real and personal, or either, to be converted into cash, and distribution thereof to be made to such individual or individuals as, according to such instrument, seem to be entitled thereto, and such order of distribution shall protect the trustee obeying the same as fully as an order of distribution in the case of an intestate estate."

So far as the personal estate is concerned, while it is true, as was said in *Heard* v. *Read*, 169 Mass. 216, 225, that the trustees have power to convert it into money, we are of opinion that the petition may be maintained under the St. of 1898, c. 65, for the protection of the trustees.

So far as the real estate is concerned, the question is, as stated in *Heard* v. *Read*, 171 Mass. 374, "Whether the trustees still hold the legal estate in the real property, or it is vested in John T. Heard and the heirs of the testator." This question was not decided in that case; though it was discussed, and speaking of the language of the will the court said: "This language does not indicate that the testator intended that the real estate after Mrs. Eldredge's death should be converted into money by the trustees, and the money paid to the persons entitled to it. It rather indicates that the trust premises, so far as they consisted

of real estate, should specifically go in fee simple either to the issue of Mrs. Eldredge or to John T. Heard and the testator's heirs at law, to be divided as directed by the will." Now the will directs that, in the contingency which has occurred, namely, the death of the daughter without issue surviving her, " the trust premises shall, at her decease, be divided into two equal parts or portions, one of which parts shall go to and be held by the said John T. Heard and his heirs in fee forever, and the other part shall be divided among my heirs at law, as though I died intestate."

It does not seem to us that the testator intended that the trustees should have any power after the death of Mrs. Eldredge to make a partition of the estate, as no such power is specifically given to them, nor is it fairly to be implied. The intent of the testator was as to the real estate that John T. Heard should have one half, and his heirs the other half. This would make them tenants in common ; and their shares vested at the death of Mrs. Eldredge. See *Simonds* v. *Simonds,* 112 Mass. 157, 165 ; *Belote* v. *White,* 2 Head, 703 ; *Farrow* v. *Farrow,* 12 S. C. 168, 172. In each of these cases a provision that an estate in the hands of trustees should be divided on a certain event happening, was held not to continue the trust for the purposes of division.

It follows that the decree of the single justice must be modified so far as it relates to the real estate of the testator ; and that in other respects it is affirmed.    *Decree accordingly.*