FREDERICK P. STEARNS, trustee, *vs.* ADDIE C. STEARNS & others.

Middlesex.    March 26, 1906. — May 18, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, BRALEY, & SHELDON, JJ.

*Devise and Legacy.*

A testatrix devised and bequeathed one third of the residue of her estate to a niece "and the remaining two third parts to S. . . . in trust and confidence, nevertheless, that he the said S. shall keep the said two thirds invested and from time to time, as he shall deem expedient, pay over the net income thereof to my nephew F." The nephew named owing to an illness in childhood did not go to school after reaching the age of twelve years,

had no taste for books, and although he lived to the age of thirty-six years never engaged in business for himself. *Held,* that the gift to the nephew was merely of the income for life and that at his death the two thirds of the residue of which he had enjoyed the income, which then consisted of real estate, passed to the heirs at law of the testatrix as undevised property.

BILL IN EQUITY, filed in the Probate Court for the county of Middlesex on January 2 and amended January 3, 1906, by the trustee under the will of Martha A. Brigham, late of Framingham, for instructions as to the disposition, under the seventh clause of that will which is quoted in the first paragraph of the opinion, of two thirds of the residue of the estate of the testatrix upon the death of Fred W. Richardson, who had died after enjoying the income of the property during his life.

The case was presented upon an agreed statement of facts, which concluded as follows:

"Fred W. Richardson was born in 1869, had scarlet fever at the age of five and did not go to school after reaching the age of twelve. His mental condition was normal, but he had no taste for books nor did he ever engage in business for himself. He died, never having been married, on August 6, 1905, leaving as his heirs at law the appellants, who were his brothers and sisters.

"The two thirds of the residue which came into the hands of the trustee consisted at that time of personal property, but this was invested in real estate and now consists of a house in Framingham, valued at about $6,000, on which there is a mortgage of $2,000."

Here followed an enumeration of the heirs at law of Martha A. Brigham.

In the Probate Court *McIntire,* J. made a decree that, under the seventh clause of the will of Martha A. Brigham, Fred W. Richardson was entitled only to the income of the two thirds of the residue of the estate of the testatrix during his life; and that, he having deceased, the principal sum should be conveyed to or distributed among the heirs at law of the testatrix, as intestate property. The heirs at law of Fred W. Richardson appealed.

The case came on to be heard before *Braley,* J., who reserved it on the pleadings and agreed facts for determination by the full court, such decree to be entered as the full court might order.

*E. D. Chadwick,* for Addie C. Stearns and others.

*L. H. Butterworth & A. F. Butterworth,* for Lucius A. Brigham and others.

*R. H. Leland,* for Frank H. Butterworth.

KNOWLTON, C. J. In the seventh clause of the will of Martha A. Brigham she disposed of the residue of her estate as follows : " I give, devise and bequeath one third part to my niece Miss Kate E. Richardson, and the remaining two third parts to Frederick P. Stearns of Boston, Massachusetts, in trust and confidence, nevertheless, that he the said Stearns shall keep the said two thirds invested and from time to time, as he shall deem expedient, pay over the net income thereof to my nephew Fred W. Richardson." Fred W. Richardson has deceased, and the question before us is whether he took an equitable fee which passes to his heirs, or whether his interest ended with his life.

It appears from the facts agreed that, on account of a peculiar illness in childhood, Fred W. Richardson did not go to school after reaching the age of twelve years, and had no taste for books, and although he lived to the age of thirty-six years he never engaged in business for himself. From these facts and the language of the will, the heirs of Martha A. Brigham, who claim the property as undevised estate, argue with force that this was intended as a trust which left the income inalienable, and beyond the reach of Richardson's creditors.

If we assume that the limitation of his right to receive the income to times when the trustee might deem it expedient to pay was not intended to qualify his right to have it absolutely, without unreasonable delay, we still are of opinion that he was given no more than an equitable estate for life. In its leading features the case is very similar to *Keating* v. *Smith,* 5 Cush. 232, in which it was held that the beneficiary took only the income for life. *Loomis* v. *Gorham,* 186 Mass. 444, shows a gift expressed in similar language, which was held also to be only an interest for life. In *Wynn* v. *Bartlett,* 167 Mass. 292, *Wainwright* v. *Tuckerman,* 120 Mass. 232, *Boston Safe Deposit & Trust Co.* v. *Buffum,* 186 Mass. 242, *Buffinton* v. *Maxam,* 152 Mass. 477, and *Mayhew* v. *Godfrey,* 103 Mass. 290, are decisions of a similar kind, although each case has its own peculiar facts. The

cases in which a gift of income is held to pass an absolute estate all have some feature which does not exist in the present case. Some of them show a gift in terms direct to the beneficiary, with an additional provision creating a trust, as in *Fay* v. *Phipps*, 10 Met. 341, 343, *Holden* v. *Blaney*, 119 Mass. 421, 425, and *Hayward* v. *Rowe*, 190 Mass. 1. Some of them show a power in the trustee to use and apply the whole or any part of the principal for the beneficiary. See the two cases last cited. In *Hayward* v. *Rowe*, the gift was of money to the beneficiary, and then there was a provision for holding it in trust and paying her the income, and for using it in the purchase of real estate for her occupation, if the trustee should think such a purchase would be for her good. These cases differ materially from the case at bar.

Upon the death of the life tenant this part of the property passed to the heirs at law of the testatrix as undevised estate.

*Decree of Probate Court affirmed.*