HENRY H. CAMMANN & another, trustees, *vs.* EDWARD P. ABBE & others.

Bristol.    October 25, 1926. — March 1, 1927.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Devise and Legacy,* Per stirpes or per capita.    *Trust,* Construction of instrument creating trust.

A testator, critically ill, made his will and died the next day.   He left surviving him a son thirty-three years of age and a daughter forty years of age, both married and each having one son.   By the will, after some specific bequests and devises, he established a trust fund of $100,000 and gave the residue of his estate "to my two children in equal shares." The will directed that the income of the trust be paid "to my two children in equal shares during their lives and upon the death of either without issue to pay whole income to survivor.   Upon death of either leaving issue surviving, to pay to such issue during life time of other child half of income and other half to surviving child.   Upon death of both my children to divide and pay over whole of said trust fund to issue then living in equal shares.   If both children die without issue then" $27,000 of the fund was to be distributed to certain other beneficiaries, "All rest to my nieces and nephews then living in equal shares, provided that if any niece or nephew shall have died and left issue such issue shall take by right of representation."   The son died, leaving one child, a son, surviving, and the daughter, leaving two children, both sons.   Upon a petition for instructions whether distribution among the issue of the son and the daughter should be *per stirpes,* i.e., by halves, or *per capita,* i.e., by thirds, it was *held,* that
    (1) The intent of the testator, ascertained from a study of the will as a whole in the light of the circumstances attending its execution, was to provide for equality of enjoyment in the capital among his grandchildren;
    (2) Distribution should be *per capita.*

PETITION, filed in the Probate Court for the county of Bristol on December 23, 1925, by the trustees under the will of Edward Payson Abbe, late of New Bedford, for instructions.

Material facts are stated in the opinion.   The petition was heard by *Hitch,* J., by whose order a decree was entered directing distribution of the trust fund in equal shares to Edward P. Abbe, William A. A. Cammann, and Henry H. Cammann, Jr.   Edward P. Abbe appealed.

*W. M. Bastion* of the District of Columbia, (*A. E. Mc-Grath* with him,) for Edward P. Abbe.

*M. R. Brownell*, for William A. A. Cammann and Henry H. Cammann, Jr.

WAIT, J.   Edward Payson Abbe executed his last will February 24, 1897.   He was then critically ill.   His heirs presumptive were a daughter, born in 1857, who had married in 1889, whose husband was living and who had one child (a son, William A. A. Cammann), born in 1895; and a son, born in 1864, who, also, had married in 1889, whose wife, born in 1866 was living, and who had one child (a son, Edward P. Abbe,) born in 1890.   By the will he gave $300 to the treasurer of the city of New Bedford; $1,000 each to two nieces; his homestead "and all land and buildings connected therewith which I may not have sold at the time of my death," his household furniture and effects and his personal effects, to his son; specified property to the extent of $100,000 to trustees; and all the residue of his estate "to my two children in equal shares."   The trustees were required to pay the income of the trust as follows: "to my two children in equal shares during their lives and upon the death of either without issue to pay whole income to survivor.   Upon death of either leaving issue surviving, to pay to such issue during life time of other child half of income and other half to surviving child.   Upon death of both my children to divide and pay over whole of said trust fund to issue then living in equal shares.   If both children die without issue then" $7,000 to a hospital; $10,000 to his son-in-law, Henry H. Cammann, if living; $10,000 to his daughter-in-law if living and unmarried; and "All rest to my nieces and nephews then living in equal shares, provided that if any niece or nephew shall have died and left issue such issue shall take by right of representation."   He died the next day.

The trustees paid to the son and daughter each one half the income of the trust until the son died January 15, 1915. They then paid one half the income to Edward P. Abbe, the sole issue of the son, and one half to the daughter, Mrs. Cammann, until she died in July, 1925.   They now ask instructions whether the fund is to be divided and paid one

half to Edward P. Abbe, the surviving issue of the son, and one quarter each to William A. A. Cammann and his brother, Henry H. Cammann, Jr., born September 21, 1900, the surviving issue of the daughter, or one third to Edward, William and Henry.

The Probate Court has ordered that division and payment in equal thirds be made; and the case is before us upon Edward's appeal from the decree. The question is: What was the intent of the testator in using the words "Upon death of both my children to divide and pay over the whole of said trust fund to issue then living in equal shares"?

That intent is to be ascertained from a study of the will as a whole in the light of the circumstances attending its execution, *Crowell* v. *Chapman*, 257 Mass. 492; using ordinary canons of interpretation only so far as they accomplish their purpose of aiding in the determination of that intent but giving to the few combinations of words which have come to be rules of property their legal effect. *Temple* v. *Russell*, 251 Mass. 231, 236.

It is manifest that no division of the whole fund with payment of income from the separate parts was contemplated by the will. The trustees made no such division during the life time of the daughter. The words used show an intent that the fund should be dealt with as a whole until the decease of both son and daughter. They leave room for argument whether the testator in using the words "in equal shares," meant them to secure equality between son and daughter, or to secure equality among their descendants. We do not know that he considered the different situations which might arise depending upon whether the "issue" took *per stirpes* or *per capita*. The will shows, however, that he was providing for equality of enjoyment in the income between his children; and its language is consistent with an intent to provide for equality in enjoyment in the capital between his grandchildren. This was his intent. These grandchildren share equally in the fund. *Dole* v. *Keyes*, 143 Mass. 237. See also *Ernst* v. *Rivers*, 233 Mass. 9, 14, 15; *Leslie* v. *Wilder*, 228 Mass. 343.

If he desired his descendants, participants in the capital

of the fund, to share *per stirpes,* it was easy for him to make this certain, for he used appropriate words to provide that those who took in the event that his descendants did not, should share *per stirpes.* The difference in the provisions is significant. We regard it as intentional. It is decisive here. The death of the surviving child was contemplated as the date at which the trustees should cease to disburse income and begin to dispose of the principal: the date at which the ultimate beneficiaries were to be determined. There was nothing unreasonable in substituting the possession of a smaller fraction of the principal for the enjoyment of a larger fraction of the income. The grandfather well might consider absolute control of part of the principal to be of greater value than a beneficial interest in a larger part of the income.

We do not follow *Maclean* v. *Williams,* 116 Ga. 257, in holding that we are not to consider upon this point the later language of the will giving in appropriate words *per stirpes* among another class. Nor do we agree with the decision in *In re Campbell's Trusts,* 33 Ch. Div. 98, and in *Levering* v. *Levering,* 14 Md. 30, cited for the appellant.

The possibility that issue of the grandchildren might claim that they were to share *per capita* with grandchildren, should not deter us from giving to the words the meaning which we think the testator gave to them. Grandchildren may share *per capita,* although their descendants might be held to share *per stirpes.* *Manning* v. *Manning,* 229 Mass. 527. See also *Ernst* v. *Rivers, supra; Houghton* v. *Kendall,* 7 Allen, 72; *Hall* v. *Hall,* 140 Mass. 267; *Gardiner* v. *Everett,* 240 Mass. 536.

The decree of the Probate Court is affirmed. Costs including costs between solicitor and client are to be in the discretion of the judge of probate.

*So ordered.*