ALBERT A. GLEASON, trustee, *vs.* ALBERT G. HASTINGS & others.

GERTRUDE L. POND & another *vs.* ALBERT A. GLEASON, trustee, & others.

Norfolk.   February 4, 1932. — March 7, 1932.

Present: RUGG, C.J., CROSBY, WAIT, SANDERSON, & FIELD, JJ.

*Trust,* Construction of instrument creating trust, Conversion and distribution. *Devise and Legacy,* Per stirpes or per capita, Remainder. *Probate Court,* Jurisdiction, Conversion and distribution of trust estate.

A will gave the residue of the testator's estate to a trustee to pay the income to two sons and a grandson of the testator during their lives, "one third to each," and, upon the death of any of them, to his issue, if any, otherwise to the survivors "or to the survivor and the lawful issue of the other . . . said issue to take the parent's share"; and, at the death of the survivor of the sons and the grandson, "to pay over and convey the whole principal of said residue to their lawful issue, if any, in equal shares . . . ." The grandson subsequently died without issue, and later the two sons died, one leaving three children and the other one child. Upon a petition for instructions after the death of the second son, it was *held,* that the principal of the trust should be divided *per capita,* and not *per stirpes,* among the four grandchildren of the testator.

A trust under a will terminated in 1931. At the hearing in the Probate Court of a petition under G. L. c. 203, § 25, seeking to have the trustee ordered to convert the trust property into cash and to distribute it, it appeared that the trust property consisted of bank accounts, stocks, bonds, mortgages and other securities, the value and marketability of which were not shown; that three of the four persons entitled to share in the distribution desired the conversion; and that the fourth wished to accept his share in kind. The fourth beneficiary

contended that the court should take judicial notice of existing business conditions and of the fact that a conversion of the securities into cash at that time "would entail a great shrinkage in the value of this estate." Nothing in the will forbade the conversion. The petition was allowed. *Held*, that the allowance of the petition was not an improper exercise of discretion on the part of the judge of probate.

PETITION for instructions, filed in the Probate Court for the county of Norfolk on June 11, 1931, by the trustee under the will of Deming J. Hastings, late of Medway. Also, a

PETITION, filed in the same court on June 16, 1931, by two of the beneficiaries under said trust, seeking to have the trustee ordered to convert the property of the trust into cash and to distribute it.

The petitions were heard by *McCoole*, J. Material portions of the testator's will, facts, and decrees entered by order of the judge are described in the opinion. John J. Higgins, guardian *ad litem* of Albert G. Hastings, appealed.

*A. A. Gleason*, stated the case.

*J. B. Sly*, for guardian *ad litem*.

*J. E. Reagan*, for Gertrude L. Pond.

*W. J. Naphen*, for Dana B. Hastings.

*B. L. Young*, (*E. O'Dunne, Jr.*, with him,) for Addison T. Hastings.

FIELD, J. Deming J. Hastings died May 9, 1896. By his will, which was duly allowed, he gave the residue of his estate to a trustee "to pay over the net income thereof semi-annually, quarterly, or oftener if he deems it expedient so to do, to my son Addison T. Hastings and Albert J. Hastings, and my grandson Jasper H. Adams, one third to each, during their lives, and upon the decease of either to pay over his share of said income to his lawful issue, if any, in equal shares, and in case of the death of either, leaving no lawful issue, to pay his share of said income to the survivors in equal shares, or to the survivor and the lawful issue of the other, if any, said issue to take the parent's share, and at the decease of both of said children, and said grand-child, to pay over and convey the whole principal of said residue to their lawful issue, if any, in

equal shares, and if no lawful issue of either is then living, to pay over and convey said principal to my heirs."

The testator left two sons, Addison T. Hastings and Albert J. Hastings, and a grandson, Jasper H. Adams. Jasper H. Adams died in 1901 without issue. Addison T. Hastings died in 1918, leaving two sons, Addison T. Hastings, junior, and Dana B. Hastings, and a daughter, Gertrude L. Pond. Albert J. Hastings died in 1931, leaving a son, Albert G. Hastings, who is a minor. Thus the trust terminated in 1931 upon the death of Albert J. Hastings.

The trustee brought a petition in equity in the Probate Court for instructions as to the distribution of the trust fund. Upon this petition the court entered a decree that "the testator intended that the distribution of the principal of the trust fund after the death of the surviving life tenant, should be in equal shares *per capita* among the lawful issue of the life tenants living at the time of the death of the surviving life tenant," and that such distribution should be made to Addison T. Hastings, junior, Gertrude L. Pond, Dana B. Hastings and Albert G. Hastings, one quarter of the trust fund to each. Gertrude L. Pond and Dana B. Hastings brought a petition in the Probate Court under G. L. c. 203, § 25, praying that the trustee be ordered to convert the trust estate into cash and distribute it among the persons entitled thereto. Upon this petition the court entered a decree that the trust estate be converted into cash and distributed among Addison T. Hastings, junior, Gertrude L. Pond, Dana B. Hastings and Albert G. Hastings, one quarter to each. · From each decree Albert G. Hastings, by his guardian *ad litem*, appealed.

1. The decree upon the petition for instructions was correct. By the terms of the will the "whole principal" of the trust fund is to be distributed upon the death of the last surviving life tenant among the lawful issue, then living, of the life tenants, such issue, in the events which have happened, being their children. So far there properly is no controversy. The question argued is whether the dis-

tribution among the children of the life tenants should be *per capita,* as the court decreed, or *per stirpes,* as Albert G. Hastings, by his guardian *ad litem,* contends.

There is no significant difference, so far as appears, between the language of the trust clause and of the will as a whole, the general scope and purpose of the will, and the circumstances known to the testator when he made it, in this case, and the same controlling factors of interpretation in *Cammann* v. *Abbe,* 258 Mass. 427, where it was held that a distribution of principal *per capita* was intended. We see no adequate reason for reaching a different conclusion here. By the express provision for distributing principal among issue "in equal shares," equality of enjoyment of such principal among issue of the three life tenants is indicated. No division of principal was to be made in either case before the death of the last surviving life tenant. There would be little reason for keeping a trust fund undivided until that time if distribution was then to be made according to stocks. See *Dole* v. *Keyes,* 143 Mass. 237, 239. In each case, however, by clear words, provision was made for distribution of income during the continuance of the trust *per stirpes,* and it is argued that such a provision for distribution of income discloses an intention to secure equality among families, which should dominate the entire trust. But the argument to the contrary seems to have more weight — that an aptly framed provision for distribution of income *per stirpes* shows that the testator knew how to provide for such a distribution when he wished to do so, and, by failing to make a similar provision for distribution of principal, disclosed an intention that a different distribution thereof should be made. *Cammann* v. *Abbe,* 258 Mass. 427, 429–430. See also *Anderson* v. *Bean,* 220 Mass. 360, 362; *Old Colony Trust Co.* v. *Lothrop,* 276 Mass. 496, 500–501. The difference is particularly clear in the will under consideration, which provides in terms that issue of a deceased life tenant shall "take the parent's share" of income, but contains no words indicating that issue who take the principal do so as representing their respective ancestors.

The provision for distribution of principal in *Cammann* v. *Abbe*, 258 Mass. 427, 428, was "to divide and pay over whole of said trust fund to issue then living in equal shares." The word "issue" was construed to mean issue of the life tenants, and not issue of the testator.   In the present case this meaning was put beyond doubt by the testator's use of the word "their," referring to the life tenants, before the word "issue" in the direction "to pay over and convey the whole principal of said residue to their lawful issue, if any, in equal shares."   We think that this was the purpose of the use of the word "their" and that its use, coupled with the fact that the word "all" was not used before "issue," and with the position of the words "in equal shares," does not have the additional force attributed to it by the guardian *ad litem* of showing that the testator was interested in the family of each life tenant as a class rather than in all issue as a class.

Doubtless, as contended by the guardian *ad litem*, the word "issue" is not confined to children of the life tenants. *Gardiner* v. *Everett*, 240 Mass. 536, 537–538.   This fact, however, does not tend to overthrow the conclusion that a distribution *per capita* rather than a distribution *per stirpes* was intended, for it does not follow that, on a distribution *per capita*, issue of different degrees of kinship to the life tenants would share equally.   Such an argument against a *per capita* distribution among issue of the same degree of kinship was considered and rejected in *Cammann* v. *Abbe*, 258 Mass. 427, 430.   See also *Manning* v. *Manning*, 229 Mass. 527, 531–532.

The case differs in its facts from *Cammann* v. *Abbe*, 258 Mass. 427, in that here a grandchild of the testator is included with his children in the class of life tenants, and on a *per capita* distribution issue of such grandchild would be included with the issue of the children in the class which takes principal.   The structure of the will, however, indicates that the grandchild was treated as a child and the inference is to be drawn that his issue, if any, were to be treated in the same way as the issue of the children.   But even if this was not so, and his issue were to be treated on

a different basis from the issue of the children, it is not to be inferred that equality among issue of the children in the same degree of kinship was not intended. Since the grandchild left no issue we are not required to determine what rights his issue would have had.

2. The record discloses no error in the decree upon the petition for conversion of the trust estate into cash and its distribution among the persons entitled thereto. The petition was brought under G. L. c. 203, § 25, which provides that "If under a written instrument a trust estate is to be distributed in whole or in part, the probate court, upon petition of a person interested, after such notice as it may direct, may order the trustee to convert said estate, both real and personal, or either, into cash and distribute it among such persons as under such instrument are entitled thereto." It appears that the trust estate consists of "bank accounts, stocks, bonds, mortgages and other securities." A list of these securities is made a part of the record, but there are no specific findings as to their value or marketability. Albert G. Hastings, by his guardian *ad litem*, is willing to accept his share of the trust estate in kind and contends that he should be permitted to do so. He urges that the court take judicial notice of existing business conditions and of the fact that a conversion of the securities into cash at the present time "would entail a great shrinkage in the value of this estate." The other persons entitled to share in the trust estate wish to have it converted into cash and the cash distributed.

The statute is applicable to this case even if the trustee had power without an order of court to convert the principal of the trust fund into cash for the purpose of distribution. *Heard* v. *Trull*, 175 Mass. 239, 241. It calls upon the probate judge for the exercise of a sound judicial discretion subject to the limitations imposed by law. Conversion of the principal of the trust fund into cash for the purpose of distribution is not in terms prohibited by the will and is not in disregard of the objects of the trust. See *Davis, petitioner*, 14 Allen, 24, 29. We cannot say on this

record and the facts of common knowledge of which we take cognizance that the discretion of the judge was exercised improperly.

*Decrees affirmed.*