## Green's Administrator v. Green.

Trust.—*Contract.—Construction of.—Pleading.—Mortgage.—Parties.*—A person conveyed certain real estate and transferred certain personal property to his son, who, in consideration thereof, at the same date, executed to his father an agreement in writing by which he bound himself to support, educate, and maintain, so far as might be necessary aside from and beyond their own labor, two of his brothers named, and to support his two sisters named, for ten years from the date of the agreement, and to permit his said brothers and sisters, while unmarried, to make their homes at his house on said premises; said agreement stipulating that if at any time during said period of ten years he should sell and convey said real estate, he would, after retaining one-sixth of the proceeds to himself, divide the remainder equally between his said two brothers and another brother named and his said two sisters; that upon the payment to said two brothers first mentioned and said two sisters, of their shares of such proceeds, he should be released from further liability for their maintenance and support; that if he should not sell said real estate before the expiration of said ten years, he should then convey in fee the undivided five-sixths thereof to his said three brothers and two sisters, and at the same time divide amongst them equally with himself the value of said personal property, exclusive of the rents and profits thereof. At the same date, he executed to his father a mortgage on said real estate, to secure the performance of said agreement.

Suit against said trustee and mortgagor by the administrator of the estate of one of said two brothers first mentioned, the complaint alleging, that the defendant had refused to support and maintain the decedent for a certain period prior to his death, and after the making of said agreement, whereby there was necessarily expended of his estate for his support a certain sum, and asking judgment for such sum and the foreclosure of said mortgage.

*Held,* that the complaint was good on demurrer assigning insufficiency of the facts stated.

*Held,* also, that an objection to that part of the complaint claiming a foreclosure of the mortgage could only be raised by motion to strike out such part.

*Held,* also, that the facts alleged in the complaint were sufficient to entitle the plaintiff to a foreclosure of the mortgage and a sale thereunder of the interest of the defendant in said real estate as one of the final beneficiaries of the trust.

*Held,* also, that the other beneficiaries of the trust were not necessary parties defendants.

*Held,* also, that the facts that another suit had been brought against the defendant, after his father's death, by two brothers of the defendant not provided for in said trust, to set aside said conveyance of real estate and said transfer of personal property, for the alleged reason that said father at the time of making them was of unsound mind; that the defendant compro-

mised said suit by surrendering to the administrator of his father's estate all of said personal property, to be disposed of by such administrator according to law, which had been converted into assets, and the proceeds of which were in the hands of said administrator of said father's estate for distribution; and that the defendant had, as a part of said compromise, purchased the interests in said real estate of the plaintiffs in the suit so compromised, and received from them conveyances therefor, did not constitute a full defense in bar of this action.

*Held,* also, that if the defendant was ready and willing to maintain and support the plaintiff's decedent according to the terms of said agreement, but, decedent being an infant, the duly appointed guardian of his person and estate had, as such guardian, taken upon himself the control of the person and estate of his said ward and of his education, and, against the will and wishes of the defendant, had taken and removed said ward from the house and control of the defendant, these facts would discharge the defendant from liability for the support and maintenance of the plaintiff's decedent while so removed.

APPEAL from the Steuben Common Pleas.

Suit by the appellant against the appellee.

The facts presented by the complaint are, in substance, as follows:

On the 3d of February, 1865, John Green, since deceased, conveyed to his son George, the defendant, several tracts of land in Steuben county, containing in all about one hundred and seventy-five acres, and transferred to him all his, John's, personal property, except notes, rights, accounts, choses in action, and moneys. In consideration whereof said George executed to his father an agreement in writing, of the same date, by which he agreed and bound himself to support, educate, and maintain, as far as might be necessary, aside from and beyond their own labor, his two brothers, Emery and Allen Green, and also to support his two sisters, Martha and Eliza Green, for the period of ten years from the date of said agreement; and to permit his said brothers and sisters, while single and unmarried, to make their homes at his house on said premises. He further agreed that, if at any time during the period of ten years aforesaid he should sell and convey the said real estate, after retaining one-sixth of the proceeds thereof to himself, he would divide the remainder equally between his broth-

ers Marvin, Emery, and Allen Green, and his sisters Martha and Eliza Green; and upon the payment to said Emery, Allen, Martha, and Eliza of their shares of said proceeds, said George should be released from further liability for their maintenance and support.

It was further stipulated that if said George should not sell said real estate before the expiration of said ten years, then at that time he should convey in fee the undivided five-sixths thereof to said Marvin, Emery, Allen, Martha, and Eliza; and should also at the same time divide among them, equally with himself, the value of the personal property so received from his father, exclusive of the rents and profits of the same.

At the same time, said George executed to his father a mortgage on said real estate, to secure the performance of said agreement.

Subsequent to the execution of the agreement, said Allen Green died, and the plaintiff, as his administrator, brought this suit, alleging that the defendant, after the making of said agreement, had refused to support and maintain said Allen for the period of a year prior to his death, whereby there was necessarily expended of his estate the sum of two hundred dollars for his support; for which sum a judgment is asked, and also a foreclosure of said mortgage.

The answer consisted of several paragraphs, but the second and fourth only need be noticed here.

The second paragraph alleges, that John Green, the obligee in said agreement, died on the 10th of February, 1865, and soon thereafter Henry Green, the plaintiff, and Amos Green, sons of said John, brought suit to set aside the conveyance of the land and transfer of the personal property by said John to the defendant, alleging that, at the time of making said conveyance and transfer, the said John was of unsound mind; that one Colburn became the administrator of the estate of said decedent; that the defendant compromised said suit with Henry and Amos Green, whereby he surrendered up and delivered over to said administrator all

of said personal property, being of the value of five thousand dollars, to be disposed of by said administrator according to law; that said personal property has been sold and converted into assets by said administrator, and the proceeds are in his hands for distribution among the heirs of said decedent; that as a part of the settlement and compromise of said suit, the defendant purchased the interest of said Henry and Amos in said real estate, and received conveyances from them therefor. Wherefore, it is alleged, the consideration for said agreement has wholly failed.

The fourth paragraph alleges, that the defendant was ready and willing to maintain and support said Allen Green according to the terms of said agreement, but that George A. Luce, who had been duly appointed the guardian of the person and estate of said Allen, he being an infant, as such guardian, took upon himself the control of the person and estate of said Allen, and of his education, and against the will and wishes of the defendant, took and removed said Allen away from the house and control of the defendant; wherefore he was discharged from the obligation to support and maintain said Allen, whilst he was so removed and kept away from the defendant and from his house.

A separate demurrer was filed to each of said paragraphs, which the court overruled, and the plaintiff excepted. Issue was then taken on the fourth paragraph, but the plaintiff refused to reply to the second, and final judgment was thereupon rendered against him.

ELLIOTT, J.—It is insisted by the appellant that the court below erred in overruling the demurrers to the second and fourth paragraphs of the answer. These rulings present the only questions in the case.

The second paragraph of the answer is clearly bad. The conveyance of the land and transfer of the personal property by John to George Green, and the agreement of the latter to the former, are parts of a single transaction, and, taken together, make George Green the trustee of an ex-

press trust. He is given the use of the property, real and personal, for the period of ten years, for the support and education of his brothers Emery and Allen, and for the support of his sisters Martha and Eliza, so far as may be necessary in addition to their labor, and at the expiration of the ten years the real estate and the proceeds of the personal property are required to be equally divided between said George, the brothers and sisters named, and Marvin Green, being one-sixth of the whole to each.

The suit referred to in the second paragraph of the answer, it is alleged, was instituted by Henry and Amos Green, who are also sons of said John Green, but were not provided for in said trust. The suit was not prosecuted to final judgment, and the trust was not set aside. The answer alleges that the appellant compromised it with said Henry and Amos, by purchasing the interest claimed by them in the real estate, and by surrendering up the personal property to the administrator of John Green. In other words, upon a claim being made by Henry and Amos that the conveyances were void, because their father was of unsound mind when he executed them, George, the trustee, purchased the interest claimed by them in the land, and surrendered the personal property to the administrator, but still holds on to the trust and retains the possession, under it, of the whole of the real estate. This he cannot do, and at the same time refuse any aid in the support of the brothers and sisters entitled thereto under the agreement. The answer under consideration claims that, by reason of the facts alleged, there is an entire failure of the consideration for the agreement, and it is pleaded in bar of the action; but it cannot be said that there is an entire failure of the consideration whilst he retains the possession and use of the land under the trust.

It may be that if Allen's guardian had received his distributive share of the proceeds of the personal property, equity would require that the interest of it should have been applied to Allen's support, and to that extent relieve

the trustee. But this question is not before us, and therefore we decide nothing in reference to it. Nor do we now hold that the fact of the surrender of the personal property to the administrator may not be set up as a partial defense to the action.

We simply decide that the paragraph does not show a full defense in bar of the action. We decide nothing more.

We think the fourth paragraph is good. The appellee was only bound, by the terms of the trust, to furnish whatever might be necessary for Allen's support, &c., over the product of his own labor; and the agreement evidently contemplates that the children named should live with the appellee, make his house, on the premises, their homes, and there receive the necessary aid in their support; and the guardian could not remove Allen from the homestead and care of the appellee, and against his will, and charge the latter with his support elsewhere. It is alleged in the answer that the appellee was ready and willing to support Allen as required by the agreement, at his own house on the premises, but that he was removed therefrom by the guardian, against the will and without the consent of the appellee. If these allegations are true, as the demurrer admits them to be, the appellee was absolved from the obligation to support Allen during the time he remained away.

For the error of the court in overruling the demurrer to the second paragraph of the answer, the judgment is reversed, with costs, and the cause remanded, with directions to the court below to sustain the demurrer to the second paragraph of the answer and for further proceedings.

A demurrer to the complaint was overruled. The appellee assigned this ruling as a cross error, which was overlooked in preparing the foregoing opinion. The attention of the court is called to the omission in a petition for a rehearing on that account.

The causes for demurrer were stated to be:

"First. That the complaint does not state facts sufficient to constitute a cause of action.

"Second. That the facts stated do not entitle the plaintiff to a foreclosure of the mortgage.

"Third. That there is a defect of parties defendants; that the other parties interested in the trust and mortgage should have been made parties defendants."

The complaint is clearly sufficient to entitle the plaintiff below to a personal judgment, which is a sufficient answer to the first cause of demurrer.

As the complaint contains but a single paragraph, and is sufficient to support a personal judgment against the defendant, the objection to that part of it claiming a foreclosure of the mortgage could only be properly raised by a motion to strike it out, for the reason that in such cases a demurrer cannot be filed to a part of the paragraph. But we think, if the facts alleged in the complaint be true, that they are sufficient to entitle the plaintiff to a foreclosure of the mortgage. Such foreclosure, however, would not authorize such a sale of the land as would affect the rights and interest of the other parties interested in the trust.

The defendant is one of the final beneficiaries of the trust, and that interest, at least, is liable to be sold on a foreclosure of the mortgage.

The other beneficiaries could not be prejudiced in their rights by such a foreclosure, and hence were not necessary parties.

The petition for a rehearing is overruled.

*D. E. Palmer,* for appellant.

*J. A. Woodhull* and *W. G. Croxton,* for appellee.