## PHEBE A. I. BUFFINTON *vs.* HARRIET MAXAM.

Bristol.    Oct. 28, 1885. — Jan. 11, 1886.    FIELD & C. ALLEN, JJ., absent.

A testator had three daughters, A., B., and C., the last of whom was insane. His property consisted of certain personal property, and of an undivided half of a farm, the other half of which was owned by A. His will was as follows: " To my daughter A. I give my half of the farm, together with produce, stock, and farming implements thereon, and the rest and residue of all my property, whether real or personal, of whatever name or nature, for the support of my daughter C., except the following legacies." Then followed a legacy of five dollars to B., and one of the same amount to C. *Held,* that A. took an estate in fee in the farm, &c., and that she took the residue in trust for C., and might be required by the Probate Court to give a bond with sureties.

PETITION to the Probate Court, by Phebe A. I. Buffinton, that the petitioner be appointed trustee under the will of Borden C. Tallman. The material clauses of the will were the following:

" 1st. To my daughter Harriet I give my half of the farm, together with produce, stock, and farming implements thereon, and the rest and residue of all my property, whether real or personal, of whatever name or nature, for the support of my daughter Caroline E., except the following legacies.

" 2d. To my daughter Phebe Ann I give five dollars.

" 3d. To my daughter Caroline E. I give five dollars."

The judge of probate entered a decree reciting that it appeared by the will that certain estate therein described was given to Harriet Maxam for the support of Caroline E. Tallman, and that said Harriet was a suitable person to administer said

trust, and ordering that she be appointed trustee, first giving bond, with sufficient sureties, for the due performance of said trust.

From this decree, Harriet Maxam appealed, assigning the following reasons of appeal:

"1st. There was and is no cause or occasion for the appointment of a trustee.

"2d. There was and is no property given or held in trust under or by virtue of the will of said Borden C. Tallman, or so given or held under said will as to require the appointment of a trustee."

Borden C. Tallman died on or about February 27, 1882, leaving as his only heirs at law his three children, Phebe A. I. Buffinton, the petitioner, Harriet Maxam, the respondent, and Caroline E. Tallman. His will was duly proved and allowed in May, 1882. Daniel Wilbur was appointed administrator, with the will annexed. At the time. of his death, the testator was over eighty years old. His daughter Caroline was, and had been for many years, insane, and is still insane. After the probate of the will, Elijah Chace was duly appointed her guardian. She had a little property, between six and eight hundred dollars; and she is now about fifty-eight years of age. Mrs. Buffinton, up to the time of her marriage, which was about 1870, lived with her father, but not afterwards; the family consisted of the father and three daughters. Phebe and Harriet both helped to take care of Caroline up to the time of Phebe's marriage, although Phebe may have done more than Harriet. Harriet lived with her father up to the time of his decease. She was married about four years before his death. Phebe was there frequently, and her father visited her, and she assisted in taking care of him during his last illness. His relations to all his children were friendly. One half of the farm on which Borden C. Tallman lived belonged to him, and one half to his brother William Tallman, who died after Phebe's marriage and before Borden's death, and devised his half to Harriet. After Phebe's marriage and up to the time of Harriet's marriage, Harriet, Caroline, and their father continued to live together on the farm and elsewhere, and Harriet had the care of Caroline. After Harriet's marriage, she, her husband, her father, and Caroline continued to live on the farm till the father's death, Harriet having the care of Caroline,

and her husband running the farm. The revenue from all sources except Caroline's property was used for the common benefit. After the father's death, Caroline continued to live with Harriet on the farm, and is still living with her, and taken care of by her, either at her own expense or out of the property paid over to her. Borden C. Tallman had no real estate except the half of the farm devised to Harriet. The rest of his estate consisted of about twelve thousand dollars in personal property, which has been paid over, by the administrator with the will annexed, to Harriet.

The case was heard by *Field*, J., and reserved for the consideration of the full court, such decree to be entered as justice might require.

*J. M. Morton*, for the appellant.

*J. M. Wood*, for the appellee.

MORTON, C. J. The will of the testator is inartificial and obscure. He gives to his daughter Harriet one half of the farm, together with produce, stock, and farming implements thereon. The words used impart the gift of a fee or absolute estate to Harriet. By the same words, he bequeaths " the rest and residue of all my property, whether real or personal, of whatever name or nature, for the support of my daughter Caroline E., except the following legacies." The residue consists wholly of personal property.

If we assume, in favor of the appellant, that, upon the death of Caroline, she would take an absolute estate in the residue bequeathed to her, yet we think that, during Caroline's life, Harriet holds the residue charged with the duty or trust of applying such part of it as may be necessary to the support of Caroline. The testator intended, not merely that there should be a personal obligation on the part of Harriet to support her insane sister, but that the property should be held for the support of Caroline. Where personal property is bequeathed to one for the support of another, a trust is imposed upon the property, and the taker holds it in trust for the purpose named.

We are therefore of opinion that it was competent for the Probate Court to appoint Harriet trustee under the will, and to require her to give a bond.        *Decree affirmed.*