PHEBE A. I. BUFFINTON *vs.* HARRIET MAXAM.

Bristol.    October 30, 1890. — November 25, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Will — Devise upon Trust — Resulting Trust.*

A testator, whose relations with his three daughters, A., B., and C., were friendly, after an absolute gift to A. of his undivided half of a farm, of which she owned the other half and its belongings, gave her the residue of his estate, consisting of twelve thousand dollars in personal property, except trifling legacies to B. and C., for the support of C., who was an insane person. *Held,* that A. took no interest in the residue except upon a trust for C.; and that upon the latter's death the remainder passed under a resulting trust in equal shares to A. and B.

PETITION to the Probate Court, by Phebe A. I. Buffinton, that the respondent, Harriet Maxam, be ordered to render an account as trustee under the will of Borden C. Tallman.

The will, except the parts merely formal, was as follows : " 1st. To my daughter Harriet I give my half of the farm, together with produce, stock, and farming implements thereon, and the rest and residue of all my property, whether real or personal, of whatever name or nature, for the support of my daughter Caroline E., except the following legacies. 2d. To my daughter Phebe Ann I give five dollars. 3d. To my daughter Caroline E. I give five dollars." The judge of probate entered a decree ordering the respondent to file an account of her trust; and from this decree the respondent appealed, assigning as a reason of appeal that " the estate all belongs to

said Harriet, and she is accountable to no one for the same, or for her doings in relation to the same."

At the hearing in this court, before *C. Allen*, J., the following facts were agreed. Borden C. Tallman died in February, 1882, leaving as his only heirs at law his three daughters, Phebe A. I. Buffinton, Harriet Maxam, and Caroline E. Tallman. His will was duly allowed in May, 1882, and after the former decision, reported 140 Mass. 557, the respondent was duly appointed trustee thereunder, and duly furnished a bond as such. His daughter Caroline was an insane person, and so continued until her death, in July, 1889. The family, until the marriage of Phebe, about 1870, consisted of the father and the three daughters. His relations to all his children were friendly, and both Phebe and Harriet helped to take care of Caroline up to the time of Phebe's marriage. After her marriage Phebe frequently visited the family, and was visited by her father, and she assisted in taking care of him in his last illness. One half of the farm on which the family lived belonged to him, and the other half belonged to Harriet. After Harriet's marriage, which took place about four years before her father's death, she and her husband, together with her father and Caroline, continued to live on the farm until the father's death, she having the care of Caroline, and her husband running the farm. After the father's death, Caroline continued to live with Harriet on the farm, and was taken care of by her until she died. The father had no real estate except the half of the farm devised to Harriet; and the rest of his estate consisted of $12,000 in personal property.

The judge ordered the decree of the judge of probate to be affirmed; and the respondent appealed.

*J. M. Wood & L. E. Wood*, for the petitioner.

*A. J. Jennings*, for the respondent.

KNOWLTON, J. The decision of this case depends on the construction of the first clause of the will of Borden C. Tallman, which is as follows : " To my daughter Harriet I give my half of the farm, together with produce, stock, and farming implements thereon, and the rest and residue of all my property, whether real or personal, of whatever name or nature, for the support of my daughter Caroline E., except the following legacies."

It has already been decided that, under this clause, the respondent, Harriet Maxam, took an absolute estate in one half of the farm, together with the produce, stock, and farming implements, and that she received the rest and residue in trust, to use it for the support of Caroline E. Tallman. *Buffinton* v. *Maxam*, 140 Mass. 557. Caroline E. Tallman having deceased, the question arises whether the remainder is to be divided between the two daughters of the testator as intestate property, or whether the respondent takes the whole of it under the will. If the respondent took no interest in it, except as trustee, the petition was rightly brought, and the decree must be affirmed.

The question to be determined is, whether the respondent took the property upon a trust or subject to a trust. If upon a trust, she took no beneficial interest, and when the purposes of the trust are accomplished, the remainder goes, under a resulting trust, as property undisposed of by the will; if subject to a trust, the beneficial interest was in her, subject to a legal duty to support her sister, and, that duty having been performed, she holds the remainder absolutely.

If we take the language of the will literally, the property was given to the respondent for the support of the testator's daughter Caroline, and for no other purpose. Under a former decree of this court, the respondent has filed a bond as trustee. The testator's relations with all his daughters were friendly, and no reason appears why he should wish to disinherit the petitioner. He gave a substantial gift of real and personal property to the respondent, with legacies of only five dollars each to the petitioner and to Caroline. The rest of his estate consisted of $12,000 in personal property, and this he gave to Harriet for the support of Caroline. It seems fair to conclude that he did not intend that Harriet should hold this otherwise than upon the trust declared in the will. *Loring* v. *Loring*, 100 Mass. 340. As was said in the former decision, the will is obscure and inartificially drawn, and in interpreting it we must consider the attending circumstances. We can hardly believe, under the circumstances of this case, and in the absence of language clearly expressing it, that the testator intended to give Harriet the remainder of this large legacy on the death of Caroline, in addition to other property given her, and to leave Phebe with only five dollars.

We are of opinion that the respondent took no interest in this legacy under the will, except as trustee, and that the remainder, upon the settlement of the trustee's account, must go, under a resulting trust, to the testator's personal representatives, who are his two daughters, the petitioner and the respondent.

*Decree affirmed.*