JOSEPH CUMMINGS vs. FRED P. TOLMAN, trustee.

Norfolk.    December 5, 1934. — September 12, 1935.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Pleading and Practice,* Appeal, Decree, Parties, Bill.  *Trust,* Construction of instrument creating trust, What constitutes, To furnish support.

Appeal lies from a decree final in substance, though in form interlocutory.

A conveyance to a nephew of the grantor's wife upon trust to support the settlor for life, but not fixing the place of performance, could be found to allow the settlor to choose such place within reasonable limitations; and upon refusal by the trustee to furnish support to the settlor at the place of his choice the trustee could be ordered in equity to pay to the settlor a gross sum reckoned from the date of the refusal to the date of the decree, thereafter an amount periodically during the settlor's life, and a certain amount for funeral expenses upon the settlor's death.

An additional defendant was not joined in a suit in equity by the plaintiff's motion to join him, assented to by the original defendant and filed but never allowed by the court; and no decree could be entered against him.

A deed poll in trust, accepted and partly performed by the trustee, bound him to full performance.

In a suit in equity by a *cestui que trust* against the trustee, a decree ordering the defendant to perform the trust was proper if it conformed to the frame of the bill and to the facts found, though the prayers in the bill were for termination of the trust or for the removal of the defendant and the appointment of a new trustee.

BILL IN EQUITY, filed in the Superior Court on April 5, 1932.

The proceedings are described in the opinion.  The so called interlocutory decree was entered by *Williams,* J.

*J. B. Sly,* for the defendant.

No argument nor brief for the plaintiff.

RUGG, C.J.  The plaintiff by this suit in equity seeks the termination of a trust, or, in the alternative, the removal of the defendant as trustee, and the appointment of a new trustee, and such further orders as justice and equity may require.  The case was referred to a master.  His findings

are set forth in two reports. The facts there stated must be accepted as true since they are not contradictory or inconsistent and the evidence is not reported. Those material to the grounds of this decision are as follows: The plaintiff in 1921, being then seventy-two years old, conveyed real estate and transferred personal property to the defendant as trustee by an instrument in writing. By its terms it was provided that the defendant as trustee should hold, manage and control the property, collect the rentals and all other incomes, and pay all expenses in connection therewith; and further that said "trust shall continue during the life of the said Joseph Cummings and the trustee hereby agrees that he will furnish and supply the said Joseph Cummings for the term of his natural life, free of all expense to the said Cummings, with suitable board and lodging, all medical attendance necessary, that he will pay for all medicines and nursing expenses, and provide suitable clothing, and in general do all things necessary for the comfort and support of the said Cummings during his life." The instrument also provided that if the trustee should decease during the continuance of the trust his wife should become trustee. Upon the death of Joseph Cummings the trust was to terminate and the trustee was directed to convey all the trust property then remaining to himself and his wife or the survivor, discharged of all trust. The trust estate consisted of a small farm with dwelling house and farm buildings, live stock, farming implements, and furniture. The defendant disposed of his home, moved to the trust property upon the delivery of the deed and has continued to manage and control it. The defendant is a nephew of the deceased wife of the plaintiff. The defendant and his wife are a little more than thirty years younger than the plaintiff. The parties lived together in contentment for about five years. Then difficulties arose. When the plaintiff was about eighty years of age he began to show some of the infirmities of old age and felt that the defendant and his wife had been unkind toward him. He finally left and went to live with a nephew in a neighboring town. He has not since returned and the defendant has not been

put to any expense on his account. There has been no bad faith by either party. The defendant has done everything that could be reasonably expected of him in the circumstances to discharge his duties under the trust deed but his wife has been impatient and discourteous in her treatment of the plaintiff to the extent that a man of his years and physical and mental condition would be expected to feel that he was being neglected and badly treated. The reasonable value of the use, occupation and profits of the trust estate has been $50 per month. The minimum amount necessary to provide modest and adequate support for the plaintiff is $50 per month. The value of the trust estate which will become the property of the defendant and his wife at the death of the plaintiff is $10,000. The plaintiff has no means of support except that secured to him by the trust. The defendant has no property except his interest under the trust and $600 in cash.

A decree termed interlocutory was entered. By its terms the "respondents" are ordered to pay $1,450 for the maintenance of the plaintiff since he ceased living with the defendant and thereafter to pay $50 per month so long as he shall live and upon his decease to pay his funeral expenses to a specified amount.

1. The defendant appealed from this decree. That appeal is not rightly before us unless the decree is final in its nature. To determine whether a decree is final its substance rather than its form or name must be considered. It is not decisive that it is denominated interlocutory rather than final. *Hays* v. *Georgian Inc.* 280 Mass. 10, 15. This decree orders the defendant to pay for the support of the plaintiff although he is living at a place away from the trust estate; it deals with the past as well as with the future; it disposes of all the issues raised by the bill. We think that is final and appealable to this court. *Churchill* v. *Churchill,* 239 Mass. 443, 445. *Forbes* v. *Tuckerman,* 115 Mass. 115, 119. *Cambridge Savings Bank* v. *Clerk of Courts,* 243 Mass. 424, 427. *Kingsley* v. *Fall River,* 280 Mass. 395. *New England Theatres, Inc.* v. *Olympia Theatres, Inc.* 287 Mass. 485, 490.

2. The question arises whether under the trust deed the support was to be furnished to the plaintiff by the defendant upon the trust estate or whether in the conditions disclosed the plaintiff is entitled to live elsewhere and charge the defendant with the expenses of such support. The decision of that question depends upon the words of the trust instrument and all the circumstances attendant upon the parties and the transaction. *Crocker* v. *Crocker*, 11 Pick. 252, 257. *Parker* v. *Parker*, 126 Mass. 433, 438. If the instrument specifies the place where the support is to be provided, that is decisive. Under such an instrument, the person to be supported must live at that place if the obligor is willing to furnish the support in a proper manner. *Dwelley* v. *Dwelley*, 143 Mass. 509, 515. *Vanhook* v. *Hasty*, 199 Ky. 235, 236. *Howe* v. *Howe*, 10 N. H. 88, 90. Such result will follow only if the place of support is clearly designated because courts are reluctant to force people to live together against their will. *Graves* v. *Graves*, 13 Ir. Ch. 182, 183, 184. Where the parties are in close blood relationship and the persons to be supported are younger members of the family the inference may be required that the intention of the grantor or settlor was that the younger should live with the older members of the family. *Parker* v. *Parker*, 126 Mass. 433, 437. *Pool* v. *Pool*, 1 Hill (N. Y.) 580, 582. In general where the instrument does not point out "that the support shall be provided in a particular place, then the party so entitled may have the support where under reasonable limitations he may choose to reside," although of course no needless expense can be created. *Parker* v. *Parker*, 126 Mass. 433, 437. *Wilder* v. *Whittemore*, 15 Mass. 262, 263. *Crocker* v. *Crocker*, 11 Pick. 252, 259. *Hubbard* v. *Hubbard*, 12 Allen, 586. The language of the trust instrument in the case at bar does not expressly or by necessary implication state the place where the support must be provided. It is in general terms to the effect that the defendant shall "furnish and supply" the plaintiff "with suitable board and lodging, all medical attendance necessary, that he will pay for all medicines and nursing expenses." The degree of kinship be-

tween the parties is not so close as to require the conclusion that the plaintiff was entitled to receive his support in the family of the defendant. It is plain that the defendant could not personally "furnish and supply" necessary "medical attendance." The circumstance that the support was furnished by the defendant at his home on the trust estate for a time did not prevent the plaintiff from leaving and charging his support elsewhere to the defendant. *Pettee* v. *Case*, 2 Allen, 546, 547, 548. The plaintiff in all the circumstances was acting within his rights and the refusal of the defendant to pay for his proper support at a place other than the trust estate constituted a breach of his obligations under the trust deed. The case at bar is distinguishable from *Baker* v. *Brown*, 146 Mass. 369.

3. On the day when the master's first report was filed, there was also filed a motion by the plaintiff that Martha M. Tolman, the wife of the defendant, be joined as a party defendant. There was assent to this motion by the attorney for the defendant. It was never allowed by the court. There was no appearance by or in behalf of the wife and no pleadings were filed by her. The wife never became a party to the proceeding. *Massachusetts Gasoline & Oil Co.* v. *Go-Gas Co.* 267 Mass. 122, 126. *Cohen* v. *Levy*, 221 Mass. 336. Although the decree runs against "the respondents" that means the defendant Fred P. Tolman alone, since he is the only defendant. The wife cannot be included in the decree. The use of the plural word "respondents" must be treated as a clerical error.

4. There is no error in the decree so far as concerns the defendant. Although he did not sign the trust deed he accepted it and performed its obligations for a substantial time. Its terms and conditions were binding upon him. *Maxwell* v. *Whieldon*, 10 Cush. 221, 227. *Buffinton* v. *Maxam*, 140 Mass. 557, 559. *Green's Administrator* v. *Green*, 32 Ind. 276, 279. The plaintiff had a right to enforce the trust established by the deed, or to seek the removal of the trustee. *Robinson* v. *Cogswell*, 192 Mass. 79, 87. The decree goes no further than to order the defendant as trustee to pay to the plaintiff for his support an

amount equivalent to the value of the use and occupation of the trust property. As bearing upon the general equities it is to be remembered that the defendant, upon the death of the plaintiff, now more than eighty-four years of age, will receive with his wife in fee property worth $10,000.

5. The decree conforms to the frame of the bill. The prayer for general relief is sufficient to warrant the relief afforded. *Brockton Olympia Realty Co.* v. *Lee,* 266 Mass. 550, 562. All the questions argued by the defendant have been considered. No error appears.

*Decree affirmed.*