JOSEPH GOMES, ET AL. *v.* HEIRS OF ISAAC KAUWE, DECEASED, ET AL.

No. 4978.

JUNE 25, 1970.

RICHARDSON, C.J., MARUMOTO, ABE, LEVINSON AND KOBAYASHI, JJ.

*Per Curiam.* This case is before us on plaintiffs' motion to dismiss the appeal of the heirs of Isaac Kauwe, deceased, from the order of the third circuit court which denied the motion of the heirs to disqualify the firm of Carlsmith, Carlsmith, Wichman and Case from representing the plaintiffs because of conflict of interest.

The validity of the heirs' appeal depends on the finality of the circuit court order for the purpose of appeal. Plaintiffs contend that the order is interlocutory because the circuit court declared it to be so.

The nature of an order as final or interlocutory is determined by its substance and not on the basis of the designation given to it by the court. *Simmons* v. *Grier Bros.*

*Co.,* 258 U.S. 82 (1922) ; *Cummings.* v. *Tolman,* 292 .Mass. 58, 197 N.E. 476 (1935).

The order in question here did not determine the merits of the case, and it can be final for the purpose of appeal only if it comes within the collateral order doctrine of *Cohen* v. *Beneficial Loan Corp.,* 337 U.S. 541, 545 (1949), embracing "that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated."

We applied the collateral order doctrine in *In re John Doe I,* 50 Haw. 537, 444 P.2d 459 (1968), and *MDG Supply, Inc.* v. *Ellis,* 51 Haw. 480, 463 P.2d 530 (1969): In those cases, the orders appealed from involved immediate harm to the appellants which could not be remedied effectively by appeal from final judgment on the merits of the claim for relief.

In this case, we do not think that appellants will suffer immediate and irreparable injury by a denial of their appeal. If the circuit court erred, that question may be raised on appeal from judgment on the merits. *United States* v. *Bishop,* 90 F.2d 65 (6th Cir. 1937) ; *Tilley* v. *King,* 190 Ga. 421, 9 S.E.2d 670 (1940). To allow appeals from all orders denying disqualification of attorneys will invite delay by piecemeal appeals.

We grant plaintiffs' motion to dismiss the appeal of the heirs of Isaac Kauwe, deceased. However, we do not think that the appeal is frivolous, and, consequently, we deny plaintiffs' request for attorney's fee under Rule 9 (e) of the rules of this court.

*Tom C. Leuteneker (Carlsmith, Carlsmith, Wichman and Case* of counsel) for the motion.