**NOT FOR PUBLICATION IN WEST'S HAWAI‘I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000050
20-MAY-2020
09:59 AM**

NO. CAAP-20-0000050

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI‘I

STATE OF HAWAI‘I, Plaintiff-Appellee, v.
FRANCIS A. GRANDINETTI, also known as ALBERT FERNANDEZ,
also known as FRANK MYERS, also known as FRANK IRANDINE,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3PC930000141)

ORDER
DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
AND
DISMISSING ALL PENDING MOTIONS AS MOOT
(By: Ginoza, Chief Judge, Leonard and Wadsworth, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the non-conforming notice of appeal that Defendant-Appellant Francis A. Grandinetti (Grandinetti) has asserted, apparently from (1) the Honorable Greg K. Nakamura's November 25, 2019 post-judgment order granting withdrawal of counsel, and (2) a decision by the Hawai‘i Paroling Authority regarding the sentence that Grandinetti is currently serving for his November 8, 1993 conviction in Circuit Court Criminal Case Number 3PC930000141 for one count of forgery in the second degree in violation of Hawaii Revised Statutes (HRS) § 708-852 (1993) and three counts of theft in the second degree in violation of HRS § 708-831 (1993).

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawai‘i 482, 485, 403 P.3d

259, 262 (2017) (citation and internal quotation marks omitted). In circuit court criminal cases, a defendant may appeal from a judgment of conviction pursuant to HRS § 641-11 (2016), a certified interlocutory order pursuant to HRS § 641-17 (1016), "or from an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawaiʻi 309, 312, 22 P.3d 588, 591 (2001) (citation omitted). The November 25, 2019 post-judgment order granting withdrawal of counsel does not appear to qualify as an appealable final order under any of these statutes. In fact, the November 25, 2019 post-judgment order also appoints the Office of the Public Defender as substitute counsel, which indicates the existence of an ongoing proceeding (e.g., perhaps the Hawaiʻi Paroling Authority proceeding) in which the November 25, 2019 order is interlocutory in nature, rather than final, and, thus, not independently appealable.[1]

The circuit court entered its judgment of conviction against Grandinetti in this case multiple decades ago on November 8, 1993, and, thus, it is clear that Grandinetti is not appealing directly from his conviction in the first instance. Nevertheless, even if one assumes that the November 25, 2019 post-judgment order granting withdrawal of counsel somehow qualifies as an appealable final post-judgment order, Grandinetti's appeal would still need to be timely as to the November 25, 2019 post-judgment order, because the issue whether an appellant "compli[ed] with the requirement of the timely filing of a notice of appeal, as set forth in HRAP Rule 4(b)(1),

---

[1] For example, the Supreme Court of Hawaiʻi has held that an analogous order granting a motion to disqualify counsel is not appealable under the collateral order doctrine, because doing so would invite the delay of piecemeal appeals. Chuck v. St. Paul Fire & Marine Ins. Co., 61 Haw. 552, 556-57, 606 P.2d 1320, 1323-24 (1980). Similarly, orders denying disqualification are interlocutory and hence not appealable. Gomes v. Heirs of Kauwe, 52 Haw. 126, 127, 472 P.2d 119, 120 (1970); Wong v. Fong, 60 Haw. 601, 604, 593 P.2d 386, 389 (1979). Instead of an interlocutory appeal, "a petition for a writ of mandamus and/or prohibition is an appropriate vehicle for reviewing an order of disqualification." Straub Clinic & Hosp. v. Kochi, 81 Hawaiʻi 410, 414, 917 P.2d 1284, 1288 (1996) (citation omitted). It seems that the same rationale applies to an order allowing counsel to withdraw. The November 25, 2019 order is a non-final order that is not independently appealable.

is jurisdictional."  State v. Bohannon, 102 Hawaiʻi 228, 234, 74 P.3d 980, 986 (2003) (citations, internal quotation marks, and original brackets omitted).  On January 23, 2020, Grandinetti, as a self-represented prisoner,[2] tendered to prison officials, for mailing, his notice of appeal for appellate court case number CAAP-20-0000050, but not within thirty days after entry of the November 25, 2019 post-judgment order granting withdrawal of counsel, as HRAP Rule 4(b)(1) required for a timely appeal. Therefore, even if the November 25, 2019 post-judgment order was somehow appealable, we would lack appellate jurisdiction to review it.

With respect to Grandinetti's apparent attempt to appeal from a decision by the Hawaiʻi Paroling Authority, the statute that governs the Hawaiʻi Paroling Authority's procedure for considering parole is HRS § 706-670 (2014), which does not authorize an appeal from a Hawaiʻi Paroling Authority decision directly to this court.  The Supreme Court of Hawaiʻi and this court have acknowledged that the appropriate means for a criminal defendant to challenge the Hawaiʻi Paroling Authority's decision to deny parole is by petitioning a circuit court for post-conviction relief in a special proceeding pursuant to Rule 40 of the Hawaiʻi Rules of Penal Procedure (HRPP).  Williamson v. Hawaiʻi Paroling Authority, 97 Hawaiʻi 183, 194-95, 35 P.3d 210, 221-22 (2001); Turner v. Hawaiʻi Paroling Authority, 93 Hawaiʻi 298, 307, 1 P.3d 768, 777 (App. 2000).  After the circuit court adjudicates the HRPP Rule 40 petition, the criminal defendant can appeal from the circuit court's judgment directly to the Hawaiʻi Intermediate Court of Appeals pursuant to HRS § 641-11 and

---

[2]     HRAP Rule 4(b)(1) provides that, "[i]n a criminal case, the notice of appeal shall be filed within 30 days after entry of the judgment or order appealed from."  The Supreme Court of Hawaiʻi has held that, when a self-represented prisoner attempts to assert an appeal from a civil case, the "notice of appeal is deemed filed for purposes of Hawaiʻi Rules of Appellate Procedure (HRAP) Rule 4(a) on the day it is tendered to prison officials by a pro se prisoner."  Setala v. J.C. Penney Co., 97 Hawaiʻi 484, 485, 40 P.3d 886, 887 (2002) (internal quotation marks omitted).  In the instant criminal case, HRAP Rule 4(b)(1) provides the controlling time period for filing a notice of appeal rather than HRAP Rule 4(a)(1).

HRPP Rule 40(h). <u>Grattafiori v. State</u>, 79 Hawaiʻi 10, 13, 897 P.2d 937, 940 (1995). The record does not show that Grandinetti has sought judicial review of the Hawaiʻi Paroling Authority's decision by way of a petition to the circuit court for post-conviction relief pursuant to HRPP Rule 40. Absent a timely appeal from an appealable judgment or order, we lack jurisdiction over this appeal by Grandinetti.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-20-0000050 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-20-0000050 are dismissed as moot.

DATED: Honolulu, Hawaiʻi, May 20, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Katherine G. Leonard
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge