**Electronically Filed
Intermediate Court of Appeals
CAAP-20-0000597
14-OCT-2020
09:50 AM
Dkt. 6 ODSLJ**

NO. CAAP-20-0000597


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


HARVEY HAKODA, Plaintiff-Appellant, v.
RUSSELL D. YANG, M.D., Defendant-Appellee, and
DOE DEFENDANTS 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 1CC181001450)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Ginoza, Chief Judge, Chan and Wadsworth, JJ.)

Upon review of the record, it appears we lack appellate jurisdiction over self-represented Plaintiff-Appellant Harvey Hakoda's (**Hakoda**) appeal from the circuit court's September 23, 2020 oral order (**Order**) granting an August 27, 2020 "Motion to Withdraw as Counsel for [Hakoda] by Law Offices of Ian L. Mattoch and The Markam Group., Inc., P.S.," in Civil No. 1CC181001450.

The Order is not appealable, regardless of its contents, because an "oral decision is not an appealable order." KNG Corp. v. Kim, 107 Hawaiʻi 73, 77, 110 P.3d 397, 401 (2005); see Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(1) ("[T]he notice of appeal shall be filed within 30 days after entry of the judgment or appealable order."); HRAP Rule 4(a)(5) ("A judgment or order is entered when it is filed in the office of the clerk of the court.").

Even if the Order was written, it would not be appealable because it is interlocutory and does not fall within an exception to the final judgment requirement.  The circuit court has not entered an appealable, final judgment in this case. Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016) authorizes appeals from "final judgments, orders, or decrees[.]"  Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court."  HRS § 641-1(c) (2016).  Hawaiʻi Rules of Civil Procedure (**HRCP**) Rule 58 requires that "[e]very judgment shall be set forth on a separate document."  The Supreme Court of Hawaiʻi has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"  Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994).  Here, the circuit court has not entered a final judgment and, therefore, the Order is interlocutory.

The Order, even if reduced to writing, also would not fall under an exception to the final judgment requirement set forth in Forgay v. Conrad, 47 U.S. 201 (1848), the collateral order doctrine, or HRS § 641-1(b).  See Ciesla v. Reddish, 78 Hawaiʻi 18, 20, 889 P.2d 702, 704 (1995) (requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawaiʻi 319, 322, 966 P.2d 631, 634 (1998) (requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (2016) (requirements for an appeal from an interlocutory order).  See also Chuck v. St. Paul Fire and Marine Ins. Co., 61 Haw. 552, 606 P.2d 1320 (1980) (declining to extend the collateral order doctrine to allow immediate appeal from an order granting disqualification of counsel); Gomes v. Heirs of Kauwe, 52 Haw. 126, 472 P.2d 119 (1970) (holding that

orders denying disqualification of counsel are interlocutory and not appealable under the collateral order rule).

Therefore, IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, October 14, 2020.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Derrick H.M. Chan
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge