**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000408**
**27-APR-2021**
**09:16 AM**
**Dkt. 31 ODSLJ**

NO. CAAP-20-0000408

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
FRANCIS A. GRANDINETTI, also known as ALBERT FERNANDEZ,
also known as FRANK MYERS, also known as FRANK IRANDINE,
Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3PC930000141)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Leonard, Presiding Judge, Hiraoka and Nakasone, JJ.)

Upon review of the record, it appears that we lack jurisdiction over the non-conforming notice of appeal by Defendant-Appellant Francis A. Grandinetti (**Grandinetti**), self-represented, electronically filed June 2, 2020, which apparently is from a March 5, 2020 Recommendation and Order Appointing Private Counsel Due to Conflict of Interest (**Order Substituting Counsel**), by the Circuit Court of the Third Circuit (**circuit court**), in Criminal Number 3PC930000141, because no statutory authority authorizes the appeal.

"The right of appeal in a criminal case is purely statutory[.]" State v. Nicol, 140 Hawaiʻi 482, 485, 403 P.3d 259, 262 (2017) (citation and internal quotation marks omitted). In circuit court criminal cases, a defendant may appeal from a judgment of conviction under Hawaii Revised Statutes (**HRS**) § 641-11 (2016), a certified interlocutory order under HRS § 641-17 (2016), or "an interlocutory order denying a motion to dismiss based on double jeopardy." State v. Kealaiki, 95 Hawaiʻi 309,

312, 22 P.3d 588, 591 (2001) (citation omitted).  The post-judgment Order Substituting Counsel does not appear to qualify as an appealable, final order under any of these statutes.  Further, the substitution of counsel indicates the existence of an ongoing proceeding, making the order interlocutory and, thus, not independently appealable.[1]

Here, Grandinetti is not appealing directly from the circuit court's 1993 judgment and conviction in the first instance.  Nevertheless, even if the Order Substituting Counsel somehow qualified as an appealable final post-judgment order, the appeal is untimely.  Grandinetti did not file the notice of appeal within thirty days after entry of the Order Substituting Counsel, as Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(b)(1) requires.  Therefore, we would lack appellate jurisdiction to review the appeal because whether an appellant "compli[es] with the requirement of the timely filing of a notice of appeal, as set forth in HRAP Rule 4(b)(1), is jurisdictional." State v. Bohannon, 102 Hawaiʻi 228, 234, 74 P.3d 980, 986 (2003) (citations, internal quotation marks, and original brackets omitted).

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.

DATED:  Honolulu, Hawaiʻi, April 27, 2021.

/s/ Katherine G. Leonard
Presiding Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[1]  For example, the Hawaiʻi Supreme Court has held that an analogous order granting a motion to disqualify counsel was not appealable under the collateral order doctrine, because allowing the appeal would invite the delay of piecemeal appeals. Chuck v. St. Paul Fire & Marine Ins. Co., 61 Haw. 552, 556-57, 606 P.2d 1320, 1323-24 (1980).  Similarly, orders denying disqualification of counsel are interlocutory and hence not appealable. Gomes v. Heirs of Kauwe, 52 Haw. 126, 127, 472 P.2d 119, 120 (1970).  Instead of an interlocutory appeal, "a petition for a writ of mandamus and/or prohibition is an appropriate vehicle for reviewing an order of disqualification." Straub Clinic & Hospital v. Kochi, 81 Hawaiʻi 410, 414, 917 P.2d 1284, 1288 (1996) (citation omitted).  We apply the same rationale to an order appointing substitute counsel.