**NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-22-0000640
13-FEB-2023
08:00 AM
Dkt. 27 OGMD**

NO. CAAP-22-0000640

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KENT DAVIS, an individual,
Plaintiff/Counterclaim Defendant-Appellant,
v. MARY WILDSON, an individual,
Defendant/Counterclaimant-Appellee, and
JOHN and/or JANE DOES 1-50, DOE PARTNERSHIPS 1-50,
DOE CORPORATIONS 1-50, DOE ENTITIES 1-50,
DOE GOVERNMENTAL UNITS, 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 3CCV-21-0000081)


ORDER GRANTING MOTION TO DISMISS APPEAL
(By: Ginoza, Chief Judge, Nakasone and Chan, JJ.)

Upon consideration of the "Plaintiff, Appellant's Request for 20 Days to File Appellant's Jurisdiction Statement Appellant Requests the Court to Grant a 60 Day Continuance to File Appellants [sic] Opening Brief" (**Extension Motion**), filed January 18, 2023, by self-represented Plaintiff/Counter Defendant-Appellant Kent Davis (**Davis**), and the "Cross-Complainant/Appellee's Opposition to Appellant's Request for Continuance to File Jurisdiction Statement and Opening Brief; Motion to Dismiss Appeal" (**Motion to Dismiss**), filed January 25, 2023, by Defendant/Counterclaimant-Appellee Mary Wildson (**Wildson**), the papers in support, and the record, it appears that Davis seeks an extension of time to file the statement of jurisdiction and opening brief, and Wildson opposes any extension, and further requests that the court dismiss the appeal

for lack of jurisdiction, as Davis does not appeal from a final, appealable order.

Even construing Davis's October 28, 2022 notice of appeal as a premature appeal[1] from the circuit court's December 6, 2022 written "Order Denying Plaintiff's Non-Hearing Motion for Recusal and Disqualify [sic] Counsel Edward Fetzer for Conflict of Interest and Failure to Acquire Written Permission from Plaintiff to Represent the Defendant" (**12/6/22 Order**), the court nonetheless lacks appellate jurisdiction, as the 12/6/22 Order is not an appealable order, and the circuit court has not otherwise entered a final, appealable order or judgment in the underlying case. See Hawaii Revised Statutes (**HRS**) § 641-1(a) (2016); Hawaiʻi Rules of Civil Procedure Rules 54(b), 58; Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119, 869 P.2d 1334, 1338 (1994). Moreover, the 12/6/22 Order is not independently appealable under the collateral-order doctrine, the Forgay[2] doctrine, or HRS § 641-1(b). See Greer v. Baker, 137 Hawaiʻi 249, 253, 369 P.3d 832, 836 (2016) (setting forth the requirements for appealability under the collateral-order doctrine and the Forgay doctrine); Gomes v. Kauwe's Heirs, 52 Haw. 126, 472 P.2d 119 (1970)(dismissing an appeal from an order denying a motion to disqualify opposing party's counsel because the order was not subject to the collateral-order doctrine); HRS § 641-1(b) (specifying requirements for leave to file interlocutory appeal).

Therefore, IT IS HEREBY ORDERED that the Motion to Dismiss is granted, and the appeal is dismissed for lack of appellate jurisdiction.

---

[1] Hawaiʻi Rules of Appellate Procedure Rule 4(a)(2) provides: "If a notice of appeal is filed after announcement of a decision but before entry of the judgment or order, such notice shall be considered as filed immediately after the time the judgment or order becomes final for the purpose of appeal."

[2] Forgay v. Conrad, 47 U.S. 201 (1848).

IT IS HEREBY FURTHER ORDERED that all pending motions are dismissed, including, without limitation, the Extension Motion.

DATED:  Honolulu, Hawaiʻi, February 13, 2023.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Derrick H.M. Chan
Associate Judge